## McDERMOTT v. PALMER. (a)

The provisions of the act, passed April 20, 1830, authorizing a lien in favor of mechanics for work performed towards the " *erection, construction or finishing*" of buildings, do not apply to the flagging of sidewalks, yards and areas of buildings in the process of erection. (Laws of 1830, ch. 330, p. 412.)

Otherwise, *it seems*, in respect to the lien law of April, 29, 1844. (Laws of 1844, chap. 220, p. 339, § 1.) (b)

IN THE COURT OF APPEALS, JUNE, 1853.

THIS was an action upon the case, brought in the New York Court of Common Pleas, in 1845, under the provisions of the " act for the better security of mechanics and others

---

(a) This and the two succeeding decisions were made in the Court of Appeals, in affirmance of judgments awarded in the same cases by the Court of Common Pleas. The point here determined in the first case, was not raised in this court; but in the other two cases, the same questions were discussed and decided in the two courts. They are all inserted, in order that these reports may furnish to the profession every important adjudication upon the "Mechanics' Lien Law."

(b) The provisions of the act of July 11, 1851, now in force, (Laws of 1851, chap. 513, p. 953, § 1,) are identical with those of 1844, as regards this question.

erecting buildings in the city of New York," passed April 20, 1830, (Laws of 1830, p. 412,) to recover for work, labor and materials bestowed in *flagging the sidewalks, yards and areas* of thirteen houses in the city of New York. As the only question determined by this court, relates to the application of the statute to the description of the work performed, a statement of the facts in the case, upon which several other questions were argued, is omitted. The plaintiff was non-suited on the trial, and judgment entered against him, which the Supreme Court, when a writ of error lay to that court from the Common Pleas, reversed, ordering a new trial. From the judgment of the Supreme Court the defendant appealed.

*William Curtis Noyes*, for the appellant.

*James B. Sheys*, for the respondent.

TAGGART, J.—By the act for the better security of mechanics and others, erecting buildings in the city and county of New York, passed April 20, 1830, it is provided by § 1, that every mechanic, workman or other person, doing or performing any work towards the *erection, construction* or *finishing* of buildings in the city of New York, erected under a contract in writing, between the owner and builder or other person, whether such work shall be performed as journeyman, laborer, cartman, sub-contractor or otherwise, and whose demand for work and labor done and performed towards the erection of such buildings has not been paid and satisfied, may deliver to the owner of such building an account of the amount and value of the work and labor thus performed and remaining unpaid, and thereafter such owner shall retain, out of his subsequent payments to the contractor, the amount of such work and labor, for the benefit of the person so performing the same.

Section 2 provides, that whenever any account of labor performed, on a building erected under a contract in writing,

McDermott *v.* Palmer.

as provided by the first section, shall be placed in the hands of the owner of such building, or his authorized agent, it shall be the duty of such owner or agent to furnish his contractor with a copy of such papers, in order that if there should be any disagreement between such contractor and his creditor, they may be amicably adjusted between themselves, or that by arbitration they may ascertain the true sum due; and if the contractor shall not, within ten days after the receipt of such papers, give the owner written notice that he intends to dispute the claim, or if in ten days after giving such notice, he shall refuse or neglect to have the matter adjusted as aforesaid, he shall be considered as assenting to the demand, and the owner shall pay the same when it becomes due.

Section 3 provides, that if any such contractor shall dispute the claim of his journeyman, or other person, for work and labor performed as aforesaid, and if the matter cannot be adjusted amicably between themselves, it shall be submitted, on the agreement of the parties, to the arbitrament of three disinterested persons, one to be chosen by each of the parties, and one by the two thus chosen, and the decision, in writing, of such three persons, or any two of them, shall be final and conclusive in the case submitted.

Section 4 provides, that where the amount due shall be adjusted and ascertained as before provided, if the contractor shall not, within ten days after it is so adjusted and ascertained, pay the sum due to his creditor, with the costs incurred, the owner shall pay the same out of the fund as before provided, and which amount due may be recovered from the owner by the creditor of the contractor in an action for money had and received to the use of the said creditor, and to the extent and value of any balance due by the owner to his contractor under the contract with him, at the time of the notice first given, as before provided, or subsequently, to such contractor under the same, if the amount shall be less than the sum due from said contractor to his creditor.

Chapter 120, of the laws of 1832, applies the provisions of

the above cited statute to materials furnished, and to verbal or parol contracts or agreements, as well as written contracts.

Under these statutes, the Supreme Court held, in the case of *Wood* v. *Donaldson*, (17 Wendell, 550,) that the provisions of the act of 1830, and the amendment of 1832, did not apply to debts or demands due to creditors of sub-contractors. The court, in that case, says, that the first section of the statute " in terms includes every laborer upon the building, without any limitation in respect to the person who employed him, or the character of his contract. " If he has labored towards the erection of the building, or furnished materials, enough is shown to entitle him to a lien upon the fund in the hands of the owner, and payment can be enforced. " But we must look at all the provisions of the statute, and construe this section, if possible, according to the intent of the legislature as gathered from the whole, reconciling apparent discrepancies, and making all consistent and practicable as far as possible. " The subsequent sections of the act clearly show that this new and extraordinary remedy was intended to be limited to the persons employed by him who contracted with the owner." The cause was removed into the Court of Errors, and the judgment of the Supreme Court was there affirmed. (22 Wendell, 395.) It is true the chancellor, in delivering his opinion in the Court of Errors, says : " I also think the statutes extend to all such work as is usually done under building contracts in the city of New York; although it is not done upon the building itself, in the strict sense of the terms prescribed, such work is embraced in the contract for the erection of the building."

It is difficult to discover why the statute should have restricted construction as to the persons who claim protection under it, and be confined to the contractors of the *original* contractor, and yet have a more liberal construction as to the kind of labor and materials it embraces. The first section furnishes a remedy for those who have demands for the *erection*, *construction* and *finishing* any building. The chancellor says these words may be construed so as to in-

clude all such work as is usually included in building contracts, and is within the contract in question. If this view is correct, the court must assume to decide what labor, exclusive of the *erection, construction* and *furnishing* the building it is usual to insert in a building contract. Does it include flagging the sidewalks and yards ? Does it include leveling and grading the street ? I am at a loss to discover what labor is included within building contracts in the city of New York, and am not prepared to say that the court should be called upon to decide that question. If such construction was correct, where was the necessity of the act of 1832, extending the provisions of the act of 1830, so that it should include materials ? Does it require a greater latitude of construction to say that work and labor includes materials, and the labor of preparing them from the earth and wood, than that the *erection, construction* or *furnishing* a building includes the clearing, grading and leveling the lot, flagging the sidewalk and yard, and leveling, grading and paving the street ?

The language of the chancellor, in that case, was a mere *dictum.* It did not arise in the case, and was thrown in apparently without any conceivable object. It is not, therefore, authority, and not being founded on substantial reasons, we are not required to adopt it.

For a legislative construction of the act, reference may be had to the lien law, passed April 29, 1844. (Laws of 1844, page 339, § 1.) The first section of which act provides that, "any person who shall thereafter, by virtue of any contract with the owner thereof, or his agent, or any person who, in pursuance of an agreement with any such contractor, shall, in conformity with the terms of the contract with such owner or agent, perform any labor or furnish materials in building, altering or repairing any house or other building, *or appurtenances* to any house or other building in the city and county of New York, shall have a lien for the value of such labor and materials upon such house or building and appurtenances, and upon the lot of land upon which the same stand,

to the extent of the right, title and interest at that time existing of such owner."

The provisions of this statute apply not only to debts against a contractor, but to those against a sub-contractor; to materials, as well as work and labor, and also for labor and materials for the altering and repairing buildings, as well as erecting, constructing and furnishing them. It also applies to work, labor and materials upon the appurtenances of the building, as well as the building itself.

The term "appurtenances" may perhaps include, without any forced construction, the yard and sidewalk, and work and labor performed and materials furnished for such appurtenances, as probably within the spirit of the statute.

So the general lien law of 1844, (Laws of 1844, page 451,) has the same language.

In this case the plaintiff seeks to recover for flagging the sidewalks, yards, areas, &c. He has proceeded under the acts of 1830 and 1832. Had he instituted his proceedings under the act of 1844, he might, perhaps, as before intimated, have been entitled to the relief sought; but he has chosen to proceed under an act which does not furnish him a remedy, and can, therefore, have no relief.

The judgment of the Supreme Court must, therefore, be reversed, and the judgment of the New York Common Pleas affirmed.

JEWETT, J., read an opinion, in which he arrived at the same conclusion.

RUGGLES, Ch. J., did not hear the argument.

All the other judges concurring, the judgment of the Supreme Court was reversed, and that of the Common Pleas affirmed.