Willamette Falls Transportation and Milling Co. *v.* Remick.

WILLAMETTE FALLS TRANSPORTATION AND MILLING COM-
PANY, Plaintiffs in Error, *v.* SAMUEL K. REMICK, Defendant
in Error.

### *Error to Clackamas.*

1. A mechanic, who acts as overseer while performing manual labor, is entitled to a lien for all his services.
2. A mechanic, who bestows labor upon a breakwater and dam attached to a saw-mill, is entitled to a lien upon the mill for such labor.
3. Claims for any thing but labor or materials are *non-lienable.*

*Pratt & Wait,* for plaintiffs in error.

*Kelly and Holbrook,* for defendant in error.

WILLIAMS, C. J.   Remick brought this action to enforce a lien for work and labor performed upon the buildings of said Falls Company, and after a trial upon the merits in the District Court, obtained a verdict for $3,340 70, and a judgment thereon for a lien against said buildings.   This judgment is now assailed, because Remick, while in the employ of said company, acted as overseer and assistant superintendent, for which services, it is said, the statute gives him no right of lien. No decision of the precise question here presented is necessary, for the record shows that Remick not only acted as overseer and assistant superintendent, but that he performed manual labor upon the works and buildings of said company. Section 1st of the statute of 1851, (*General Laws of Oregon, page* 167,) which governs this case, provides, "that all persons performing labor for the construction of any building, shall have a lien thereon," &c.

Remick certainly performed "labor for the construction" of the company's buildings, and is clearly entitled to a lien for a part if not for the whole of such labor; and as his services were inseparably rendered and received by the com-

pany, we think he should have a lien for his entire compensation. When time and skill are employed to supervise and direct in the construction of a building, a lien is as much deserved and required as in any other case, and beyond question it should be allowed, if actual labor is added to the other grounds of right. There is doubt as to whether an architect, or person performing labor of like nature, can hold a lien ; but it is clear that for work of any kind *upon* the building in its construction, the statute gives a remedy. Much of Remick's labor was expended upon a dam or breakwater attached to, and for the use of the company's mills, and it is contended that for such labor he is not entitled to a lien upon said mills. This view of the statute seems to be both unreasonable and unequal, for a mill made to run by hydraulic power would be worthless without the structures necessary to secure and obtain water; and the labor bestowed upon such structures is of the same utility and importance to the owner of the mill as the labor put upon the mere building. Whatever enters into, or is connected with a mill, essential to its use, ought to be treated, under the statute, as a part of said mill ; so that all who contribute their toil to make it valuable, may have an equal chance to obtain compensation for their labor. Remick filed with his complaint an account containing items of charge for ferriage, postage, &c., as well as for labor, and a question is made, as to his right to recover for any thing but labor in this case. Claims for any thing but labor or materials are evidently *non-lienable*, and cannot, therefore, be embraced in a judgment for a lien. Nothing appears upon the record as to the ruling of the District Court upon this point, and we must presume, therefore, that it was correct ; but, for the sake of certainty, a deduction may be made of the trifling sums charged for postage, &c., and a judgment in favor of Remick entered for the balance.

Judgment accordingly.