R. C. REDLON *et al. v.* JOSEPH V. BARKER.

*Error from Bourbon County.*

A hotel sign attached as to be immovable without force, to a post set firmly in the ground seven or eight feet in the street of a city, spiked to a sidewalk in front of the hotel, so placed with intent of its remaining a permanent sign therefor, *held* appurtenant to the hotel, and where the latter is conveyed for hotel purposes, with the appurtenances, without reservation, such conveyance carries the sign and post.

*Semble,* especially where the vendor made no claim therefor for three months after the sale.

The facts of the case are as follows :

An action was brought by Barker *v.* Redlon *et al.,* in justice's court, to recover the value of a sign and post alleged to be the property of plaintiff, converted by defendants. The defense interposed was that defendants had purchased a hotel in Fort Scott of plain-

tiff, and that in that transaction the sign and post was conveyed as one of the appurtenances of the hotel, and necessary for its successful operation. The justice decided in favor of plaintiff, from which judgment an appeal was taken to the district court, and a trial there had before the court, who found the facts to be substantially—

That the plaintiff below owned the hotel, and placed the sign and post in its position, intending it as a permanent sign for the house, under the name of Barker House, which words appeared upon the sign. The post was set three or four feet into the ground, in the street, about seven or eight feet from the front line of the hotel lot, directly in front of the hotel, on the street side of the sidewalk, with a band of iron around the post, spiked to the walk. The sign was so fastened to the arm of the post as to require force to remove it.

The plaintiff sold the premises to defendants below, and in the conveyance describes the lot upon which the hotel was situate, and covenants "to let said defendants below into full and complete possession of said premises, and all the buildings and appurtenances thereunto belonging, on" a day named, before suit brought. Possession was taken, and the hotel conducted by defendants below, under the name of Barker House, for three months thereafter, when the sign was demanded by plaintiff below; defendant in error, and the suit was brought as aforesaid. A reservation of the use of the house for a time was provided for.

The district court decided against the defendants below, who brought this petition in error.

*W. C. Webb,* for plaintiffs in error.

*M. V. Voss,* for defendant in error.

*Webb* made the following points :

From the facts found by the court, the sign passed with the hotel.

1. The owner of a lot in a city or village owns to the street center. 1 *Bouv. L. Dic.*, "*highways;*" 7 *Wis. R.*, 98 ; 4 *Wis.*, 331 ; 7 *Ohio S.*, 469 ; 3 *Kent Com.*, 432.

2. This common rule is in force in Kansas. (*Comp. L.*, 678 ; *Cons.*, § 4 ; *Comp. L.*, 70 ; 1 *Kans.*, 174–5.) Our statute expressly recognizes this doctrine. *Comp. L.*, 594, §§ 4, 5 ; *p.* 793, § 42 ; *p.* 400, §§ 7, 8 *and* 9.

3. The sign and post passed by the conveyance of the fee in the hotel and its appurtenances. *a.* The sign was erected as a permanent appurtenant to the hotel ; the premises were sold for hotel purposes, and so used by grantees, and the sign so used for three months without objection. *b.* It was affixed to the soil, and for the purposes of a sign. *c.* No reservation was made in the conveyance. (1 *Ohio S.*, 529, 530.) The case (14 *Ohio S.*, 558), is not analogous, yet sustains this view (*see p.* 567).

4. The sign was realty while defendant in error owned it, because an execution against personal property could not be levied upon it. . It would be exempt under the homestead clause, if the hotel was.

5. The title bond makes some reservations, and is presumed to contain all made. A reservation thereof could only be made in the deed. *Ferrard on Fix.*, 175 ; 1 *Greenl. Ev.*, §§ 275, 276, 279, 281 *and* 282 ; 8 *Wis.*, 413 ; 5 *Ohio S.*, 273 ; 3 *Kans.*, 184 ; *Comp. L.*, 354, § 3.

*Voss*, for defendant in error, contended:

1. The sign and post were on the highway. The statutes of Kansas, and particularly the one under which Fort·Scott·was laid out, transferred the title to the streets to the public.

2. A hotel sign is appurtenant to business, a mere advertisement of hotel keeping, not to the hotel as realty, and would not pass as a part of it. The conveyance was not of the busines. It does not appear that the building was erected or fitted for hotel purposes.

3. The contract of sale is specific as to the boundaries of the property sold; it cannot be enlarged.

4. Machinery, though buried in the earth, is personal property. So is a sign and post. 1 *Ohio S.*, —; 14 *Ohio S.*, 558.

5. The sign could be moved without injury to the realty sold.

*By the Court*, SAFFORD, J.

This case was tried in the district court of Bourbon county, without the intervention of a jury, and as required by § 291 of the code when either party requests it. The court found the conclusion of fact separately from the conclusion of law, and so stated them. The finding of the court, as to the law, was in favor of the defendant in error, and judgment was rendered accordingly. The plaintiffs in error, who were the defendants below, duly excepted to such finding and judgment, and now bring the case here for review.

Reference being had to the facts, as found by the court, and which are all set out in the record, it will be

seen that there is really but one question in the case. It is this: Was the property for which suit was brought appurtenant to any part of the premises sold by Barker to Redlon, Rowley and Jones? If it was, then the judgment in this case should be reversed; but if otherwise, the judgment must stand. Let us suppose, for a moment, that the hotel sign—the property in dispute—had been in some way actually attached to the building at the time of. the sale by Barker to Redlon, Rowley and Jones, could it be maintained for a moment that it did not pass to the grantees under the terms of the sale as set forth? In that case it would have been a part of the building itself, requiring force to remove it, and appurtenant thereto. Besides, taking into consideration the purposes for which the building was used, it was something very necessary to a successful carrying on of the business. The building was "Barker's Hotel," and these words were on the sign at the time of the sale. The grantees purchased it for a hotel, with all the appurtenances thereunto belonging, and intending to keep it as such.

They did so keep it, and for three months under the name of "Barker's Hotel." Under such a state of facts, and under the supposition above stated, can it be doubted that the sign would have passed with the premises to the grantees? We think not. But the sign, instead of being attached to the building itself, was fastened to a sign-post in front of and within seven or eight feet of it—a sidewalk being between the post and the hotel. The post was sunk firmly into the ground, and the sign attached to it so as to require force to remove it. Does the fact of its being so placed render it less a part of, or less appurtenant to, the hotel premises than it would have been if actually attached

to the building, as above supposed ? It performed the same office, and was just as necessary to the business carried on, and to be carried on, in the building in the one case as in the other. And we think that if the terms of sale would have passed the property in the sign to the grantees in the first instance, it would also pass it in the last. But it is claimed that when Barker demanded the sign from plaintiffs in error it was detached from the sign-post, and was without doubt a chattel, and no part of the real estate. This may all be true; but how can the rights of the parties be thereby affected ? It having passed to the purchasers of the hotel once, they most certainly had the right to remove it, or let it alone, as they pleased. Supposing Redlon, Rowley and Jones had seen proper to remove some of the doors or windows, or other parts of the building, to a carpenter's or paint shop, for the purpose of being repaired or painted, would that act of theirs have given Barker any right to claim them as his own? None will assert this for a moment. And yet their acts in relation to the sign were of the same character precisely. But it is further objected to the rights of the plaintiffs in error to have a reversal of the judgment against them, that the sign and sign-post were in the public highway, and that therefore they belonged to defendant in error ; anything in the bond for a deed, to the contrary, notwithstanding. Such a conclusion does not necessarily follow, and it cannot be so held.

In this connection, counsel have raised the question as to where the title to the highways, streets and other portions of cities and towns devoted to public uses vests. We do not think it necessary to pursue this discussion here, it being immaterial to the issue. But

say that the title to the street, where the sign-post stood, was in the county, in trust for the public; this will not help the defendant in error. He had put it there, and made it a fixture, for the purpose of giving notoriety to his hotel. The public had acquiesced in his so doing, and thereby recognized his right. It was necessary and appurtenant to the uses and purposes to which the building was dedicated, viz: The accommodation of the traveling public. And when he sold to plaintiffs in error, he most certainly parted with whatever right he had in the sign, sign-post and the ground on which it stood; and especially so since the bond for a deed shows that no reservation was made of it, and that the vendor advanced no claim to it for at least three months after the sale and delivery of possession of the premises.

We have carefully examined the cases in the first and fourteenth Ohio State Reports, to which we have been referred by defendant's counsel, but we do not there find anything which especially militates against our views, as above expressed.

The opinion in the first O. S. is a very elaborate and exhaustive one, and, after an examination of many cases, the author arrived at the conclusion that the united application of certain requisites furnishes the safest criterion by which to determine whether any particular piece of property is a fixture or not. These requisites he states as follows: 1. Actual annexation to the realty, or something appurtenant thereto. 2. Application to the use or purpose to which that part of the realty with which it is connected is approximated. 3. The intention of the party making the annexation to make a permanent annexation to the freehold. We have before remarked that this sign was appurten-

ant to the building, as a hotel; it was applied to the use and purpose to which the realty to which it was appurtenant, was applied; and lastly, it was most evident from all the acts of the defendant in error, that his intention in erecting and using the sign was to make it a permanent accession to the hotel.   As to his acts, showing his intentions in this respect, let us repeat.   He owned and occupied the premises as a hotel; he kept it as such, and when he sold it he did so with the understanding and knowledge that it was to continue to be kept as such.   In a word, in all his acts relative thereto he seemed to treat the premises as being dedicated to the purposes of a hotel, and he, at least, contemplated no change in this respect.   If so, his intent in placing the sign as he did is clear, and this case therefore comes within the rules quoted.   It may be remarked here that very many, and indeed a large proportion, of the cases involving questions as to whether particular articles were fixtures, or not, have arisen between landlord and tenant.   And from the very nature of the relation between these parties, as well as from the widely different circumstances attending each case, has come the difficulty of settling and establishing an universal rule.   But the cases between vendor and vendee are less difficult, as well as less numerous, and the rule is better settled.

We are of the opinion that the court erred in rendering the judgment in this case.   It is therefore reversed, and cause remanded, with instructions to render a judgment in accordance with this opinion.

All the justices concurring.