### *IN RE CLAIM OF LOYD N. LEASE.

1. SERVICES FOR WHICH NO COMPENSATION IS FIXED ARE GRATUITOUS.

Where services required by law are performed by the sheriff, and no compensation is provided therefor, such services must be regarded as gratuitous.

2. COMPENSATION OF SHERIFF FOR KEEPING PRISONERS.

The compensation provided for sheriffs for "keeping and providing for prisoners in jail," sec. 1235 Rev. Stat., is for services required by sec. 7379 Rev. Stat., and no other or further compensation for such services is provided for or contemplated by the latter.

3. NO COMPENSATION FOR OTHER SERVICES.

The only compensation provided for services required under sec. 7379, is that which is allowed under sec. 1235 "for keeping and providing for prisoners in jail." For other services, if any such there be, required to be performed under sec. 7379, no compensation is provided by statute or otherwise, and none can be recovered.

ERROR to the Court of Common Pleas of Seneca county.

BEER, J.

Lease, ex-sheriff, presented a claim to the county commissioners for services as sheriff in keeping and providing for prisoners for four years. He says that under sec. 7379 Rev. Stat. he was allowed and paid for keeping and providing for prisoners in jail the sum of forty cents per day for each prisoner kept, and no more —that no allowance was ever made to him under sec. 1235. The county commissioners rejected the claim, and Lease appealed to the court of common pleas. The court of common pleas rejected the claim, and dismissed the same at the costs of Lease. Lease now prosecutes error in this court to reverse the decision of the court of common pleas. It was proved, that at the June session of the county commissioners for each year, an order was made and spread upon their journal to the effect that: "for the ensuing year the sheriff shall be entitled to receive from the county the sum of forty cents per day for keeping and providing for each prisoner confined in the jail during the term of his confinement." Lease presented his account from time to time during his term of office for keeping and providing for prisoners in jail, which was allowed by the county commissioners, and paid out of the county treasury at the rate of forty cents per day for each prisoner. It was proved that fifty cents per day about covers the actual cost of the food bought

---

* The first paragraph of this syllabus is cited in Commissioners v. Dun, 6 Ohio Dec. 349.

and prepared for the use of the prisoners, which leaves nothing to pay for services in cleaning the jail, making beds, locking prisoners in the cells every night, unlocking cell doors every morning, keeping order, admitting attorneys and the relatives and friends of prisoners, which services, Lease claims, required the constant care and labor of one man, and for which, he claims, he never received one cent. He was paid for receiving and discharging prisoners, and the county paid all bills for fuel, heating, lighting and repairing the jail, and furnished all beds, bedding, clothing, washing, mending and medical attendance required by prisoners, so that the claim presented is for services only. The claim is, that a sheriff is entitled to compensation, under sec. 1235, for keeping and providing for prisoners in jail, "and under sec. 7379 for services in keeping the jail."

It is evident that the allowance made by the county commissioners was that provided by sec. 1235, and not, as Lease claims, under sec. 7379. Is he entitled to an additional allowance for services required and rendered under the latter section?

The services rendered, and for which compensation is asked, the sheriff was bound by law to perform. Section 7368: "The sheriff shall have charge of the jail of the county, and of all persons confined therein, and the same shall safely keep, and shall, at all times, attend to the jail, and govern and regulate the same according to the rules and regulations prescribed by the court of common pleas."

Section 7373: "Whoever having charge of a county jail, neglects, or refuses to obey or conform to any rule or regulation lawfully prescribed by the court of common pleas, for the management or regulation of the same, or omits or neglects to perform any duty in respect thereto imposed by any law, shall be fined not less than five nor more than one hundred dollars."

It is suggested that as the evidence shows that the food and the preparation of the same for the prisoners cost not less than fifty cents per day, there is nothing left out of the allowance made by the commissioners to compensate the sheriff for his work and labor, care and diligence, expended in and about the jail and the prisoners, but which he was bound by law to expend and perform; and that, according to Scripture, "the laborer is worthy of his hire." The answer to this is, there can be no implied contract on the part of the tax-payers to pay for services for which the law provides no compensation. In the case of Anderson v. Commissioners, 25 O. S., 13, the court say: "Where a service for the benefit of the public is required by law, and no provision for its payment is made, it must be regarded as gratuitous, and no claim for compensation can be enforced." See Waymire v. Jasper Co., 105 Ind., 600; Waymire v. Powell, 105 Ind., 328; White v. Levant, 3 N. E. Rep., 397; Ib. 555; 1 N. E. Rep.; 97; 3 Cent. Rep., 340; 98 Ind., 88; 101 Ind., 53; Ib. 127; 100 Ind., 90; 21 How., 463.

Is a separate compensation provided for under each of the sections above named?

Section 1235 Rev. Stat., is sec. 17, 73 O. L., 127. Section 17, 73 O. L., 127, is an amendment of section 1, 54 O. L., 178, but the amendment does not affect the question before the court. That section reads as follows: "Section 1. The sheriffs of the several counties of this state shall hereafter be allowed such compensation as the county commissioners shall from time to time order and allow, not exceeding forty cents per day for keeping and providing for prisoners in jail, as required by the eleventh section of the act for the regulation of county jails, passed March 13, 1843." 54 O. L., 178.

Section 7379 Rev. Stat., is sec. 11, 41 O. L., 74—the section referred to in sec. 1, 54 O. L., 178. It will be seen that the compensation provided and the allowance to be made under sec. 1, 54 O. L., 178, is for services required to be performed under sec. 11, 41 O. L., 74, and not for services under sec. 1, 54 O. L., 178. So that sec. 11, 41 O. L., 74, prescribes the services to be performed, and sec. 1, 54 O. L., 178, provides the amount of the compensation therefor, and the manner of obtaining the same.

The services required under sec. 11, 41 O. L., 74, are the same services required under sec. 7379 Rev. Stat.

The allowance to be made under sec. 1, 54 O. L., 178, is the same allowance as is provided for under sec. 1235, Rev. Stat.

It is true the phraseology of the sections referred to in the Revised Statutes differs somewhat from that of the original sections in 41 and 54 O. L., but there is no change of substance in respect to the subject we are considering. "Where the general statutes of a state are revised and consolidated, there is a strong presumption that the same construction which the statutes received, or, if their interpretation had been called for, would certainly have received, before revision and consolidation, should be applied to the enactment in its revised and consolidated form, although the language may have been changed. Allen v. Russell, 39 O. S., 336, 337; Gardener v. Woodyear, 1 O., 170; Swazey v. Blackman, 8 O., 5, 20; Ash v. Ash, 9 O. S., 383, 387; Tyler v. Winslow, 15 O. S., 364, 368; Williams v. The State, 35 O. S., 175; State v. Jackson, 36 O. S., 281, 286; State v. Coms., *Ib.* 326; State v. Vanderbilt, 37 O. S., 590, 640; Bishop's Written Laws, sec. 98; Sedgwick on the Construction of Statutes, 229 note, 365, 366; Heck v. State, 44 O. S., 536, 537; State v. Stockley, 45 O. S., 308; 45 Me., 72; 33 N. H., 247.

"The sections of a former statute being separated and scattered by a revision, are still to have the same construction as before." Smith v. Smith, 19 Wis., 522.

Section 1235, before the revision was intended to provide compensation for services rendered under sec. 7379. "It is a well settled rule that, it being of the essence of a law that it be uniform and unchangeable, whatever was the meaning of the statute when first enacted, should be its meaning through all future time." Reed v. Evans, 17 O., 128.

It follows that the "keeping and providing for prisoners confined in the jail" for which compensation is provided in sec. 1235, is the same "keeping and providing" which is required under sec. 7379, and for which, the sheriff is to be allowed and paid by the county, such compensation as the commissioners prescribe. Both sections refer to the same services, and the same compensation, and but one compensation. If any services are required under sec. 7379 for which compensation is not provided in sec. 1235, they must be regarded as gratuitous.

Judgment affirmed.