THE BADGER LUMBER COMPANY v. THE MARION WATER SUPPLY, ELECTRIC LIGHT AND POWER COMPANY.

MECHANIC'S LIEN—*Electric Light Poles in Street.* An electric light and power company owned land on which was a building and machinery for generating electricity, and it had a franchise from a city to use its streets for the erection of poles on which to stretch wires and suspend lamps to furnish light for the people of the city. Poles were purchased from plaintiff, planted in the streets of the city, wires and lamps were placed thereon, and all connected by the electric light wires with the machinery and premises of the company. *Held,* That the poles and wires were an appurtenance of the premises of the company, and that the plaintiff was entitled to a lien upon the same for the poles furnished.

### *Error from Marion District Court.*

ACTION by the *Badger Lumber Company* against the *Marion Water Supply, Electric Light and Power Company,* to recover for certain poles sold, and to enforce a lien therefor. At the March term, 1889, the court awarded a personal judgment against defendant, but refused to enforce a lien. The plaintiff *Company* comes to this court.

*Keller & Dean,* for plaintiff in error.

*King & Kelley,* and *Winslow, McDuffie & Neal,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Badger Lumber Company brought this action to recover $227.50, the value of 70 cedar poles sold by the lumber company to the Marion Water Supply, Electric Light and Power Company, which were used to support electric light wires and lamps, and were connected with the plant and property of the defendant; and the plaintiff asked to have the defendant's property and its appurtenances charged with a lien for the same. The cause was submitted to the court without a jury, upon the following agreed facts:

"It is agreed that the defendant has erected a system of

water-works and electric light plant and machinery necessary to operate the same on the real estate described in plaintiff's petition, and has put in the proper machinery for furnishing electric light for the city of Marion, and has a franchise from the city to use the streets of the city for the erecting of poles and stretching electric light wires thereon through the city, and that the defendant erected its poles and stretched its electric wires on the same over different portions of the city; that the plaintiff furnished poles for stretching the wires for the electric light, and that the defendant used the same in the streets of Marion, and stretched its electric wires upon the same, and hung its lamps thereon, and operated and used the same for the purpose of furnishing electric light for different portions of the city; that none of the material furnished by the plaintiff was actually placed upon the grounds mentioned in plaintiff's petition, but that the poles so furnished were all used in the streets of the city of Marion, and were connected with the electric light machinery and water-works on defendant's premises by electric light wires used by the defendant for the transmission of electricity from its premises through the city; that the machinery of the electric light and water-works is all located on the same premises, in the same building, and run by the same engine, but the dynamo for generating electricity, and its machinery, is so constructed and arranged that it can be used separate and apart from the water-works machinery, and that either the water-works or the electric light plant can be operated separately and independently from each other; and have a franchise from the city to lay mains and pipes in the streets of the city, and are operating said system of water-works, and furnishing the inhabitants of said city with water by means of said system of water-works."

The court awarded plaintiff a personal judgment against the defendant for the amount claimed, but refused to enforce a lien upon the real estate and appurtenances of the defendant, for the reason —

"That no part of the material for which plaintiff claims a lien was on the real estate of the defendant, or attached thereto in any manner except by the wires stretched from the poles of the defendant's electric light machinery situated on said real estate."

The sole question presented here is, do the poles and wires

attached to the building and premises of the defendant constitute an appurtenance of the same within the meaning of the mechanics' lien law? The statute, as it existed prior to 1889, when this cause of action arose, provided that —

"Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, . . . . perform labor or furnish material for erecting, altering or repairing any building, or the appurtenance of any building, or any erection or improvement, or shall furnish or perform labor in the putting up of any fixture in or attachment to any such building or improvement, . . . or shall build a stone fence, or shall perform labor or furnish material for erecting, altering or repairing any fence on any tract or piece of land, shall have a lien upon the whole piece or tract of land, the building and appurtenances, in the manner herein provided," etc.

As will be seen, the statute gives a lien for material furnished for a building or its appurtenances, and the same is chargeable upon the land, building, and appurtenances. If the poles and wires can be regarded as an appurtenance of the power house, the plaintiff acquired a lien, and is entitled to enforce it against the property of the defendant. What, then, is an appurtenance? Bouvier's definition is:

"Things belonging to another thing as principal, and which pass as incident to the principal thing. . . . Thus, if a house and lot be conveyed, everything passes which is necessary to the full enjoyment thereof, and which is in use as incident or appurtenant thereto."

"The grant of a thing will include whatever the grantor had power to convey which is reasonably necessary to the enjoyment of the thing granted. Thus, the grant of a house with appurtenances passes a conduit by which water is conducted to it." (3 Washb. Real Prop., 3 ed., 719; *Farmer v. Water Co.*, 56 Cal. 11; *Meek v. Breckenridge*, 29 Ohio St. 642; 1 Am. & Eng. Encyc. of Law, 641.)

Here, the principal thing was the power house; and the poles and wires attached thereto were an incident to the power house and machinery. They were necessary to the enjoyment of the principal thing, and indispensable in the

transmission of electricity and the lighting of the city. If a conveyance of the property of the company, with the appurtenances belonging, had been made by the defendants, we do not doubt that the poles and wires would have passed as appurtenant to the premises conveyed. The fact that the poles were planted in the streets of the city, the fee of which is in the public, will not change their character or make them any the less an appurtenant to the premises of the electric light company. The city had granted the company a franchise to plant the poles upon the streets, and hence they were rightfully there, and there can be no question that they were owned by the electric light company. In *Redlon v. Barker*, 4 Kas. 445, it was held that a hotel sign, attached to a post planted in the street of a city, seven or eight feet from the front of the hotel, and placed there as a permanent sign, was an appurtenant to the hotel; and where the hotel and premises were conveyed, with the appurtenances, without reservation, such conveyance carried the sign and post. It was there urged that, as the owner of the hotel did not have the fee of the street on which the post and sign were standing, they could not be regarded as appurtenances to the premises. But it was said, as the sign and post were rightfully in the street, and necessary for the uses and purposes of the building to which they were incident, they remained the property of the owner of the hotel, and when he conveyed the hotel premises he parted with his title to the sign and post. In *Beatty v. Barker*, 141 Mass. 523, the plaintiff undertook to enforce a mechanic's lien for a drain pipe from the cellar of a house, through the cellar wall, front yard, and out into the street to a connection with the sewer. The house was built upon a street of the city, and the piping inside of the house and outside of it to the sewer was necessary to the use of the house, and was included in the contract for building it. It extended 27 feet beyond the street line, and the fee of the street was not in the owner of the house. The court ruled that the contractor was entitled to a lien for the piping, and stated that it is im-

material whether it was inside or outside the walls of the
house, or whether it was above ground or under ground, or
whether it extended one foot or 30 feet.    It is immaterial also
whether the fee of the land in the street was, or was not, in
the owner of the lot.    It must be assumed that the pipe was
rightfully laid to the sewer, even if the fee of the street was
not in the respondent.    The pipe did not become the property
of the owner of the fee of the street, but belonged to the owner
of the house, and he had an interest in the soil of the street to
sustain his pipe, which would pass by a deed of the lot.  (See
also *Philbrick v. Ewing*, 97 Mass. 134; *Factory v. Batchelder*,
3 N. H. 190; *Carpenter v. Leonard*, 5 Minn. 155; *Milling Co.
v. Remick*, 1 Ore. 169; *Pullis v. Hoffman*, 28 Mo. App. 666;
*McDermott v. Palmer*, 8 N. Y. 387; *Amis v. Louisa*, 9 Mo.
629; Phil., Mech. Liens, § 202; Kneel., Mech. Liens, § 83.)

The defendant in error principally relies upon *Parmelee v.
Hambleton*, 19 Ill. 615, to defeat the lien and sustain the
judgment that was rendered.    The court there held that a
person who performed labor upon a vault under a sidewalk
adjacent to a building was not entitled to a lien.    The vault
is there held to be an appurtenance to the building, but as
the appurtenance was in the street and not upon the lot on
which the building stood, the lien was denied.    The case is
not an authority here, and is based upon an Illinois statute
which provided that both the building and appurtenance
shall be upon the lot sought to be subjected to the lien.    Our
statute does not require that the appurtenance shall be upon
the land, but authorizes a lien where the structure or im-
provement is appurtenant to the land or building.    While
the lien rests upon a statute, and the remedy must be con-
fined within the terms of the statute, yet such provisions are
to receive a liberal construction, in the interest of justice;
and we think the term "appurtenances," as used in the stat-
ute, fairly includes the poles and wire attached to the prem-
ises of the defendant, and that the plaintiff is entitled to the
lien which it claimed.

The judgment of the district court will be reversed, and the cause remanded, with instructions to enter judgment in favor of the plaintiff.

All the Justices concurring.