Argued February 8, decided February 28, rehearing denied April 4, 1911.

## DOW *v.* COURTENEY LUMBER CO.

[113 Pac. 652.]

MECHANICS' LIENS—PROCEEDINGS TO PERFECT—NOTICE.

1. A notice of lien for materials furnished for the erection of a building "which is intended for and is a sawmill" is sufficient to include a boiler house, about 60 feet from the main building, from which steam was conveyed to the engine by a steam pipe, and which was connected by a sawdust conveyor which carried the fuel to the furnaces.

MECHANICS' LIENS—PROCEEDINGS TO PERFECT—EFFECT OF DEFECT IN CLAIM.

2. A notice of claim of lien for lumber furnished for the erection of buildings, which designates buildings not owned nor erected by the company against which the lien was claimed, is misleading and void as to a mortgagee of the true owner.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by F. S. Dow, against the Courteney Lumber Company, a corporation, W. F. Mathews, as assignee of the Courteney Lumber Company, A. A. Courteney, Waldemar Seton, the C. A. Smith Lumber and Manufacturing Company, the Smith & Watson Iron Works, a corporation, Marshall-Wells Hardware Company, A. J. Paul and J. R. Bowles to foreclose a materialman's lien upon the sawmill of the Courteney Lumber Company, situated in Coos County. The appellant, Smith Lumber & Manufacturing Company, filed a cross-bill asking for the foreclosure of a similar lien claimed for lumber fur-

nished for the construction of the sawmill, a boiler house, a messhouse, a bunkhouse, and a store and office building, and the land upon which the buildings were situated. During 1906, Courteney purchased the land and erected a wharf which was substantially completed and paid for by Courteney out of his own funds before the incorporation of the Courteney Lumber Company. On March 9, 1907, Courteney borrowed $2,000 of Mathews and gave a mortgage on the land afterwards covered by the mill, adjacent buildings, and wharf. This mortgage was recorded on March 18th. On the same day the company was organized. The frame bunkhouse, mentioned in the notice of lien, and boarding house were completed before the commencement of the sawmill and were fully paid for on March 27, 1907, by a check for $1,000 given by A. A. Courteney. The notice of claim of lien filed by the Smith Lumber Company embraced a building described as a store and office building which was not constructed nor owned by the Courteney Lumber Company. The lien notice further stated that the lumber was furnished to the Courteney Lumber Company, at the request of A. A. Courteney, acting as agent for the corporation, to be used indiscriminately in the construction of the several buildings; that it was so used; that the total value of the lumber furnished was $2,916.27, with a credit of $1,084.18, leaving a balance due of $1,832.09. The lien notice of plaintiff, Dow, contains the following:

"Notice is hereby given that F. S. Dow, hereinafter called the claimant, claims a lien for materials furnished in and about the construction of a certain building located in the town of Millington * * upon the said structure (which is intended for and is a sawmill) and upon the land upon which said structure is situated, that is to say * *" (Here follows a description of the land.)

It appears from the evidence that the mill, at the date of the filing of the notice, was practically completed and

ready for operation; that its motive power was steam, which was generated in two boilers situated in a small building about 60 feet from the main building and only connected by a sawdust conveyor which carried the fuel to the furnaces and a six-inch pipe which carried the steam from the boilers to the engine. The materials furnished by Dow were principally fire brick, cement, and fire clay, which were used indiscriminately in preparing the bed for the engine, furnaces, and support for the boilers. The notice also included an item of $225 for freight on brick, which was originally due to R. D. Hume and was assigned by him to plaintiff, and was admittedly nonlienable. The circuit court struck out the latter item and held plaintiff's lien sufficient to include the boilers and boiler house, but found the Smith Company's lien defective and void for the misdescription above noticed. The Smith Company appeal from the decree against it; and Mathews, Seton, and Courteney appeal from the decree sustaining the Dow lien.          Affirmed.

For appellant there was a brief and an oral argument by *Mr. John D. Goss.*

For respondent F. S. Dow there was a brief over the names of *Messrs Clarke, Blake & Liljeqvist,* with an oral argument by *Mr. Liljeqvist.*

For respondents A. A. Courteney, W. F. Mathews, assignee of the Courteney Lumber Company, a corporation, and Waldemar Seton, there was a brief and an oral argument by *Mr. Hayward H. Riddell.*

Mr. Justice McBride delivered the opinion of the court.

1. We are of the opinion that the circuit court ruled correctly on all the contentions made on this appeal. The lien of Dow was upon a structure "which is intended for and is a sawmill." The boiler house was an essential part of the mill, the very heart of it, without which it

would remain motionless and useless, and we think so connected with the main building by the steam pipe and sawdust conveyor that it should be regarded and treated as an integral part of the mill. The case is similar to *Willamette Falls T. & M. Co.* v. *Remick,* 1 Or. 169, in which it was held, in an opinion by Mr. Chief Justice WILLIAMS, that one performing work upon a dam connected with a mill was entitled to a lien upon the mill for his labor. This decision, which has been unquestioned for more than half a century, is decisive of the contention here.

2. The lien of the Smith Lumber Company designated buildings not owned nor erected by the company for the construction of which it was claimed that material had been furnished. It specified lumber as furnished to the Courteney Lumber Company which was ordered for Courteney and by him personally before the company was incorporated. It was misleading and void as to the mortgage held by Mathews. This is not like some cases cited by counsel where the lien notices described too large an area of land and went beyond the boundaries of the tract actually occupied by the buildings. In the present case the notice misleads as to the buildings for the construction of which the materials were furnished. While the materialman's lien law is a remedial statute and should be liberally construed, as to those matters which may be the subjects of a lien, yet as to the procedure for obtaining such lien the law requires at least a reasonable degree of strictness and accuracy.

The decree of the lower court is affirmed.

AFFIRMED.