## No. 11,799.

## KERSEY ET AL. *v.* TURNER, AUDITOR.

DRAINAGE.—*Attorney's Fees.—County Auditor.*—The act concerning drainage by proceedings before county boards (R S. 1881, sections 4285, 4317,) makes no provision for the payment of attorney's fees out of the county treasury, and any allowance therefor by viewers is void, and there is no duty on the part of the auditor to issue a warrant therefor.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin,* for appellants.

FRANKLIN, C.—Appellants commenced proceedings for a mandate against the auditor of Grant county, to compel him to issue a warrant upon the treasurer of said county for their fees as attorneys in a certain drainage proceeding in said county. An alternative writ was issued, to which defendant made return.

Appellants demurred to the return, which was overruled by

the court.    Appellants excepted, and judgment was rendered for appellee.    The only error complained of is the overruling of the demurrer to the return.

The question presented is, can attorney fees be assessed, taxed up and collected, as a part of the expenses of the location or construction of the ditch, from the land-owners affected thereby, or from the county treasury?

The motion alleges that the fees claimed accrued in a certain ditch proceeding affecting lands in three counties, and that the viewers awarded to said appellants as fees for their services as attorneys in said cause as follows: In Wells county $131.64, in Blackford county $79.52, and in Grant county $554.65.    That the sum of $224 of said sum in Grant county had been voluntarily paid into the treasury of said Grant county, and prayed for a writ of mandamus to compel the auditor to issue his warrant to said treasurer to pay to appellants said sum.

The auditor stated in his return to the alternative writ that the board of commissioners of said Grant county, in approving the final report of the viewers, excepted therein " attorneys' fees," for the reason that there was no authority therefor.    This order of the board was made at the March term, 1884.

The 4294th section, R. S. 1881, provides: "And when damages are awarded to any person or persons, or corporations, as provided by this act, the board of commissioners shall order the same to be paid out of the county treasury to the person, persons, or corporation entitled thereto."

The 4300th section provides: " Whenever the board of commissioners establish a public ditch, drain," etc., " it shall order the viewers * * to * * make a final report, in which they shall specify the time in which each share or allotment of the ditch shall be constructed and completed ; and they shall apportion the costs of the location thereof, including printer's fees, the damages, if any shall have been allowed, and compensation

Kersey *et al. v.* Turner, Auditor.

to the laborers who assisted the viewers in marking out the ditch, and award to each person or persons or corporation owning the lands assessed for the construction of said work their proportionate share of said costs, and shall specify the time in which such costs and expenses shall be paid to the county treasurer, and file their report with the auditor, after having subscribed and sworn to the same. And it shall be the duty of the viewers and reviewers to file with their reports an account of the names of the laborers and the time each was employed by them. And all compensation and damages allowed by this section shall be collected by the treasurer as the other taxes are collected; and the compensation paid out, when collected on an order from the auditor, to the parties entitled thereto; and the damages, when collected, shall be placed in the county fund, to compensate the county for the damages previously paid, as required by section ten of this act. (Section 4294.)"

The 4314th section makes further provisions for compensation as follows:

" The surveyor and engineer shall be allowed the sum of four dollars per day for every day he is necessarily engaged in performing the duties required of him by this act; which sum shall be paid to him, quarter-annually, out of the county treasury, upon his filing before the board of commissioners an itemized account of his services, verified by his oath; and the cost of publishing the notices of jobs to be let by the auditor, and of all blanks and stationery required by him in the performance of his duties, shall be paid by the county. The viewers and reviewers shall each be allowed two dollars per day for each and every day they are necessarily engaged in viewing and reviewing ditches, and making up and filing their reports; which sum shall be paid to them out of the county treasury. Each chainman, axeman, rodman, and all other hands necessary to the prompt execution of the work of locating a public ditch, shall be allowed one dollar and fifty

cents per day for the time actually employed, to be paid as hereinbefore provided."

The foregoing includes all the provisions of the statute in relation to compensation for services outside of actual construction of the work.

These ample provisions, having been made for the payment for specified services, necessarily, by implication, excludes all other services, not specified, from the provisions made for those that are specified. No order of the board of commissioners was ever made for the payment of said fees. Hence there was no authority for the auditor to issue such warrant. But it is insisted by appellants that the county board, in approving the report of the viewers, had no right to except the attorney fees from payment; that said report was required to be filed with the county auditor, and the board of commissioners had nothing to do with it by way of approval or otherwise, and that such exception was a nullity. If that be true, and the viewers included in their report a matter not authorized by the statute, the including of such matter would also be a nullity and void, and the auditor would not be authorized to issue his warrant by virtue of such void matter being in the report of the viewers.

We can find no statute requiring either the land-owners affected by the ditch, or the county, to pay the attorneys for their services in getting up and prosecuting the ditch proceedings; like in all other cases, they must look for pay for their services to those who employed them, unless there is some special provision of the statute for payment otherwise, and we know of no such provision.

The amendment of the statute in 1883, referred to by appellants, does not apply to this proceeding; that is an amendment of the statute in relation to drainage proceedings in the circuit court by drainage commissioners. This is a proceeding by viewers before the board of commissioners, and an entirely different proceeding; and we decide nothing as to the amended statute.

There was no error in overruling the demurrer to the return to the alternative writ. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Dec. 13, 1884. Petition for a rehearing overruled Feb. 20, 1885.