No. 287.

## THE BOARD OF COMMISSIONERS OF RUSH COUNTY v. COLE.

GRAVEL ROADS.—*Attorney's Fees.—County not Liable for.—Section 5096, R. S. 1881, Construed.*—An attorney can not recover from the county for services rendered by him for the petitioners in a proceeding for the securing of free gravel roads under sections 5091, *et seq.*, R. S. 1881. No allowance for such fees can be made in the absence of some statutory provision which in terms or by clear implication confers the power to make the same. Section 5096, R. S. 1881, does not confer such power. The expression "expense of preliminary survey," etc., in such section does not include the item of attorney's fees.

From the Rush Circuit Court.

*J. Q. Thomas*, for appellant.

*W. A. Cullen, J. D. Megee* and *U. D. Cole*, for appellee.

REINHARD, J.—This case was appealed from the board of commissioners of Rush county to the court below. The question presented comes up on demurrer to the complaint. The precise question thus made by the record is whether an attorney may recover from the county for services rendered by him for the petitioners in a proceeding for the securing of free gravel roads under sections 5091, *et seq.*, R. S. 1881.

The court below, by overruling the demurrer to the complaint, in effect decided that he may so recover. The appellant insists there is no law giving any right of action for such services :

Section 5096 of the statute contains the following proviso :

"*Provided*, That the cost and expense of the preliminary survey, proceedings, and report of said improvement shall be paid out of the county treasury, and be refunded, as well as all other amounts advanced by the county for the preliminary expenses of such improvement, in the manner hereinafter provided."

It is well settled, we think, by our decisions, that no al-

lowance for such fees can be made in the absence of some statutory provision which in terms or by clear implication confers the power to make the same.   *Kersey* v. *Turner*, 99 Ind. 257 ; *Board, etc.*, v. *Fullen*, 118 Ind. 158.

It is conceded by the appellee that there is no law conferring upon boards of commissioners the power to order the payment of attorney's fees in such cases, unless it be embraced in the proviso heretofore quoted.  It is insisted, however, that this proviso does confer such power, and, indeed, makes it the duty of county commissioners to tax up attorney's fees as part of the expenses provided for in the statute. It is claimed that the expression, " expenses of the preliminary survey, proceedings and report," covers the item of attorney's fees as fully as if the Legislature had in terms provided for the payment of attorney's fees.

We have examined the statute, and have not been able to reach a conclusion in harmony with the appellee's contention or the ruling of the trial court.   While it may be true that the word " expenses " is sometimes used in a technical sense, and as having a broader signification than the term " costs," we do not think it was the intention of the framers of the statute. to apply it in that broad sense here.   We think a careful reading of the entire act must lead to this conclusion.

There may be much apparent equity and justice in apportioning such fees among those equally interested in securing the benefits of improvements contemplated by the act, but with that phase of the question we are not concerned ; that is a matter which properly addresses itself to the Legislature, and not to the courts.

We are not willing, by construction, to give the language used in the statute a broader meaning than is necessarily implied in it ; and, until the Legislature makes some special provision for the payment of attorney's fees in such cases, those who accept such employment must, as in other cases, look to

the parties who employed them for their compensation. *Kersey* v. *Turner, supra.*

We think the court erred in overruling the demurrer to the complaint.

Judgment reversed, at appellee's costs.

Filed Oct. 14, 1891.