## OVERMEYER v. BOARD OF COMMISSIONERS OF THE COUNTY OF CASS.

[No. 6,243. Filed November 24, 1908. Rehearing denied February 17, 1909. Transfer denied March 11, 1909.]

1. HIGHWAYS.—*Improvement of.—Expenses.—Liability of County for.—Statutes.*—Under §6802 Burns 1905, Acts 1905, pp. 521, 557, §75, providing that "all expenses incurred" in the construction of improvements to highways shall be included in the sum for which bonds are issued for the payment of such improvements, the fees of petitioners' attorneys are not included. pp. 404, 406.

2. COUNTIES.—*Boards of Commissioners.— Highways.— Improvements.—Attorneys.*—Boards of Commissioners are not obliged to act upon the advice of attorneys representing petitioners for highway improvements; and if such boards need legal advice, they should secure such for themselves. p. 405.

3. PLEADING.— *Complaint.— Highways.—Attorneys.—Necessity for. —Conclusion.*—A complaint alleging that a necessity existed on plaintiff's part to employ attorneys to prepare a petition for a highway improvement, and to conduct such cause before the board of commissioners, states a conclusion only. p. 406.

4. HIGHWAYS.— *Fund for Constructing.— Claims Against.— Statutes.*—A claimant asserting a right to receive payment from the fund created for the construction of highway improvements, must show a statute clearly authorizing such payment. p. 407.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Frank P. Overmeyer against the Board of Commissioners of the County of Cass. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Robert C. Hillis, George A. Gamble* and *M. Winfield,* for appellant.

*Quincy A. Myers, Charles E. Yarlott* and *John M. Ashby,* for appellee.

HADLEY, J.—This was an action by appellant against appellee to recover the sum of $175 to pay attorneys employed by him and others to prosecute a petition before the board of commissioners for the improvement of a public highway in Jackson township, under §6789 Burns 1905, Acts 1905, pp. 521, 551, §63. The complaint, which was first

filed as a claim before said board of commissioners, avers, in substance, that appellant, together with others, petitioned appellees for the improvement of a public highway in Jackson township, under said statute; that said petition was granted and such proceedings had under the law as were necessary for the construction of said improvements, which were ordered made and contracted for. It is then averred that, to secure such improvements, it was necessary for said appellant and other petitioners to have the services of an attorney for the purpose of preparing and filing said petition, and in the preparation of all the notices, records, entries, orders, etc., so that all of said steps would be taken according to law; and that it employed two attorneys for that purpose who accepted the employment and performed the services, a bill of particulars of said services being filed as an exhibit and made a part of said claim. It is averred that the cost of said services is reasonable, and that appellant ought to be allowed said sum for himself and all the other petitioners, with which to pay said attorneys for said services, and the same be charged as a part of the estimated cost of the construction of said improvements, as one of the items of expense incurred prior to the letting of the contract for the improvement of said highway, as aforesaid. Prayer that said appellant and the other petitioners be allowed the sum of $175, to be used in paying the attorneys for said services, as aforesaid.

This claim was disallowed by the board, and an appeal from such disallowance was taken to the Cass Circuit Court, and in said court appellee demurred to said claim, which demurrer was sustained. Appellant refused to plead further, and judgment was rendered in favor of appellee.

The question presented in this appeal is upon the ruling of the court in sustaining a demurrer to the claim. By the bill of particulars filed with the complaint it appears

1. that all the services rendered for which compensation is claimed, except the preparation of the petition and

presentation of the same to the board, were in the nature of legal supervision of the various steps imposed on the board by the law under which the petition was filed. It certainly requires no argument to sustain the position that the legislature never contemplated that a petitioner for a highway improvement might employ an attorney to supervise the action of the board of commissioners in the construction of the improvement, and bind the fund to pay such attorney for such services. After the petition was filed the petitioner had no further legal concern with the matter. Everything to be done thereafter was to be done by the board of commissioners, and it alone was responsible for its being done legally and in due form. If it needed legal advice, it was its duty to secure it; but it would be strange, indeed, if this board, which has the whole responsibility for its proceedings, could be compelled to receive and follow the advice of an attorney employed by the petitioners. Whether the board could employ counsel and charge the expense thereof to the construction fund is a question not here presented, and upon which we express no opinion. Certain it is that the petitioner or petitioners are not authorized to furnish the legal advisers to the board of commissioners, after the matter has been presented to it, and charge the expense thereof to the construction fund; but it is contended that the petitioners were compelled to employ a lawyer to prepare and present the petition. The provision of the statute, under which appellant seeks to recover, is as follows: "For the purpose of raising money to pay for the construction the board of commissioners shall issue the bonds of the county not to exceed in amount the contract price and all expenses incurred and damages allowed prior to the letting of the contract." Acts 1905, pp. 521, 557, §75, §6802 Burns 1905.

To say that this provision is entitled to the broad general meaning sought to be given it by appellant would be a very

dangerous construction. It would in fact be saying that any person who was interested in the road might authorize himself or some other person to perform some service looking to the establishment of the improvement and present and recover a claim therefor. If appellant was authorized to employ an attorney to prepare the petition, he was just as well authorized to hire someone to circulate the petition, and if he might employ someone to circulate the petition, it would be only a step further for us to say that he would be authorized to employ helpers to perfect an organization to carry the election, and it might truthfully be said that each of said employments was necessary in order to establish the improvement, while fundamentally it might be true that such improvement itself was not a necessity, though highly desirable. "All expenses incurred," as used in this statute, should be held to mean the expenses incurred in the performance of the work specifically required to be done by the provisions of said act. To hold otherwise would open up an unlimited field of employment. But there is no provision in the statute for the employment of an attorney to prepare the petition. In fact, there is no provision requiring any one to file a petition. A petition must be filed to obtain the improvement, it is true, but the improvement is not required, and may not be necessary. The filing of the petition therefore was a voluntary act on the part of the petitioners. Whether they drew and presented the petition themselves, or employed an attorney to do it for them, was a matter of no particular importance to the other citizens of the taxing districts or the county. In this, as in the case of almost every public improvement, the burdens of the initiative are upon the progressive public spirited citizens. The complaint does not show the necessity for the employment of an attorney to prepare and present the petition. While it is averred that such a necessity existed, this is merely a conclusion. No facts are stated upon which it is based. It does not appear

that a lawyer only could have drawn and presented the petition. The law clearly specifies what the petition shall contain, and we have no doubt that there are many men outside of the legal profession who could draw a petition that would be in all respects in conformity to the act, and no formal presentation to the board of commissioners is required.

It ·is a well-established rule that where one seeks to recover a claim against a public fund he must show a statute authorizing such recovery. *Kersey* v. *Turner* (1885), 4. 99 Ind. 257; *Board, etc.,* v. *Cole* (1891), 2 Ind. App. 475, 476; *Board, etc.,* v. *Fullen* (1889), 118 Ind. 158. No such statute is pointed out. The demurrer was properly sustained.

Judgment affirmed.