Spalding, J.
In Sellers v. Dugan, 18 Ohio, 493, this court, with one dissenting voice, decided that an ordinary contract, made in the course of business, on a Sunday, is void, and that no action can be sustained to recover damages for the breach of such a contract.
The question whether money paid on the contract could be recovered back in the action of assumpsit, was not submitted, much loss determined, in that suit.
*The question is directly presented for adjudication in the case at bar, and we have no hesitation in saying that the court of common pleas erred in its instructions to the jury.
We have declared that a business contract, made on Sunday, is *74 void. Neither party will receive the aid of the court, while seeking to enforce performance of the agreement, or to recover damages for its breach.
Nor would we help either party to rescind, if the agreement was wholly executed, upon the principle applicable to parties in pari delicto.
Where, however, as in this case, money has been advanced in part performance of a void contract, and either party sees fit to put an end to its further fulfillment, the amount paid may recovered back, in indebitatus assumpsit, as for money had and received.
In the present case, the agreement had never been wholly executed.
The plaintiff paid to the defendant five dollars in money, and the defendant agreed to deliver to the plaintiff on the next day, a yoke of oxen, and to receive a colt in exchange. The defendant refuses to deliver the oxen, on the ground that he entered into the contract on a Sunday, and it is void. So far he is sustained by the law.
But if he repudiates and refuses to execute the agreement, on the ground that it was a business transaction on the Sabbath, and consequently void, upon what pretense of right can he withhold from the plaintiff the money that he advanced upon the faith of that agreement ?
He has put an end to the execution of the contract, as he had a legal right to do.
He now holds five dollars of the plaintiff’s money without consideration, and is, ex cequo et bono, under as great obligation to refund it as if ho had accidentally found it on Sunday. The well-settled rule of law undoubtedly is, that^ where money has been paid in pursuance of an illegal contract that remains oxe'eutory, it *is recoverable in an action for money had and received to the use of the party paying it. Aliter, when the agreement is executed.
The judgment of the common pleas is reversed, with costs.