## JAMES W. MEEK AND FANNY A. MEEK v. ROBERT R. BRECKENRIDGE ET AL.

L. conveyed to B. certain premises by metes and bounds, with covenants of seizin, against incumbrances and warranty. A portion of the roof and eaves of a house standing on the land conveyed extended over upon the adjoining lot of M. In an action by L. against B., to recover the purchase-money, the latter alleged and claimed that the right to maintain and use the projection of said roof and eaves was conveyed to him by L.; and that M.'s right to cut the same away, and to oust him from its enjoyment, constituted a breach of the covenants in said deed. *Held:*

1. That if the right to such projection and its use belonged to L. at the time of the conveyance, it passed to B. as an appurtenance to the parcel granted.

2. If it did not then belong to him, the projection not being within the description of the premises contained in the deed, the same did not pass, and hence he did not covenant to warrant and defend it.

3. In such case, the defendant having failed to establish his defense to the action, the cause will not be retained to adjust disputed questions of title between the defendants, in respect to lands, in which the plaintiff has no interest.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Franklin county.

The original action was brought by the defendant, Isaac R. Lane, against the defendant, Breckenridge, to foreclose a mortgage given to secure certain promissory notes, one of which, amounting to three hundred dollars, was due and unpaid. James W. Meek and Fanny A., his wife, were made parties defendant.

Breckenridge, in answer to the petition of the plaintiff, admitted the execution and delivery of the note and mortgage, and that the note was unpaid; but, by way of counterclaim, he alleged that the note and mortgage were given to secure the purchase-money of the real estate described in the petition—being the south half of inlot No. 650, in the city of Columbus,—conveyed by Lane to him April 1, 1873, by deed of general warranty; that by said deed Lane covenanted that he was lawfully seized of the premises; that the same were free and clear from all incumbrances, and that he would forever warrant and defend the same, with all appurtenances, to said Breckenridge and his heirs and assigns forever, against the lawful claims of all persons whomsoever. He further alleged that he went into the possession of the premises under said deed, and still continued to occupy the same; that the dwelling-house standing thereon, and constituting a part of the same, was built by the plaintiff in 1872, and was so constructed that the roof, cornice, and eaves of the north side of the building projected and extended beyond the north line of the premises so conveyed, and over and upon the adjoining inlot No. 651 about twenty-two inches; that the south half of said adjoining lot belonged to the defendant, Fanny A. Meek. He further alleged that he was liable to said Fanny for said use, and was in danger of having such projection cut away, greatly to his damage. He also alleged that at the time said house was built, Lane and said James W. Meek owned the north half of inlot No. 651, and that they then agreed between themselves, with the knowledge, acquiescence, and assent of Mrs. Meek, that said dwelling might be so built on the north side of said inlot 650, with such projection of the roof, cornice, and eaves as aforesaid,

and that Mrs. Meek, in consideration thereof, should have
and enjoy a like privilege in the erection of a dwelling on
her said lot, to extend and project its roof, cornice, and
eaves over the north line of her lot, for a like distance or
space of twenty-two inches; and that said agreement so
made should be reduced to writing and signed by the par-
ties thereto; that said Fanny A., in pursuance of said
agreement, erected, in the same year, a dwelling-house on
the south half of inlot No. 651, and availed herself of such
privilege of extending its roof and eaves over the adjoining
premises north. He claimed against Lane that the facts
stated constituted a breach of the covenants in the deed of
conveyance, and that he was damaged by reason thereof in
the sum of three hundred dollars, which he set up as a
counterclaim to the amount due on the note and mortgage,
if the relief sought against Mrs. Meek was denied him.
He prayed that James W. and Fanny A. Meek might be
ordered to execute and deliver an instrument of writing,
confirming to him the right to such easement in said
premises.

James W. Meek answered, disclaiming all title. Mrs.
Meek, in her answer, admitted her ownership, but denied
the alleged agreement for the projection of said roof and
eaves over her premises.

The case was appealed from the common pleas to the
district court, and there heard on the pleadings and evi-
dence. It appeared on the trial that, at the time of the
conveyance to Breckenridge, the title was in Mrs. Lane,
wife of the plaintiff below; but the fact is not material, as
he joined her in the covenants in the deed, and the notes
and mortgage to secure the purchase-money were taken in
his name. The court found that there was due the plain-
tiff below the amount claimed, but that Breckenridge had
the right in equity to withhold it, for the reasons stated in
his answer. The court also found that Lane and wife and
Meek and wife entered into the alleged agreement for the
projection of the roof and eaves of the two houses, and
that they were erected according to such understanding.

The court thereupon ordered that the plaintiff below pay half the costs in the common pleas; that said James and Fanny, within ten days from the date of the decree, execute and deliver to said Breckenridge a deed, or instrument in writing, confirming to him, his heirs or assigns, the said right to maintain and continue the said cornice, eaves, and roof as aforesaid, and, in default thereof, that said decree should operate to confirm said right perpetually. To this decree Fanny A. Meek excepted. A motion for a new trial, on the ground that the finding and decision were not sustained by sufficient evidence, was overruled, to which ruling she also excepted. A bill of exceptions setting out all the evidence was allowed, duly signed and sealed, and made part of the record. From this bill it appears that the facts stated in the answer of Breckenridge are substantially true. James W. and Fanny A. Meek ask leave to file a petition in error to reverse the judgment of the district court.

*J. T. Holmes*, for the motion:

The judgment of which the plaintiffs complain directs them, with costs, to execute a deed to Breckenridge for a right which he claims to have held to himself, his heirs and assigns, irrevocably, before the plaintiffs were involved by him in this litigation.

If there was here a parol license executed, and therefore irrevocable, Lane and wife, and those claiming under them, could use it as a *shield*, but *not* as a *sword*. *Wilson* v. *Chalfant*, 15 Ohio, 252; *Sullivant* v. *Commissioners*, 3 Ohio, 89; *Cary* v. *Richards*, 4 W. L. M. 362; *Hornback* v. *R. R. Co.*, 20 Ohio St. 81.

Neither of the plaintiffs has ever *asserted* a right to interfere with or disturb the projection in question.

There has been no breach of the covenants of the Lane-Breckenridge deed. The grantee went into possession thereunder, and at the date of his answer and cross-petition the covenant of seizure was entire, and still is, for that matter.

There appear to be no incumbrances on the property, for " an incumbrance, within the terms of the covenant against them, is said to be ' every right to or interest in the land, to the diminution of the value of the land, but consistent with the passage of the fee by the conveyance.' " 3 Wash. on Real Property, 460 (4 ed.)

If there was in this case an irrevocable license, and the projection was a part of the " land," one of the appurtenances, it is not incumbered in any way.

If the fee of Mrs. Meek's property was incumbered *ad coelum*, in no aspect of the case ought a judgment to have been rendered against her, and the covenant in Lane's deed was not broken, for Breckenridge held unmolested just what was conveyed to him by metes and bounds. He does not specify the broken covenant.

With the covenants of seizin and against incumbrances unbroken, we are remitted to the covenant of warranty to find the meaning of that artistically general expression in the answer and cross-petition of Breckenridge, " breach of the covenants of title." As to that, see *Purcell* v. *Henry and wife*, 28 Ohio St. 39.

Now, neither of these plaintiffs *claims* an estate or interest in the real property of which Breckenridge was and is in possession. He had no ground at the commencement of this action for proceedings to quiet title under the first sentence of section 557 of the code.

In the action against him to foreclose the mortgage, he had the right, under that section, to make the holder of any outstanding title, adverse interest, or estate a party to the cause, and upon the hearing he would have been *entitled to recourse against the plaintiffs' demand* for the present worth of any *existing lien* or *incumbrance* on the premises; *not* to a decree of any kind against the holder of such lien or incumbrance; " and to make such defense available, the validity of such title must first be established before the vendee can have such recourse on the vendor for the purchase-money, or defeat its recovery." *Purcell* v. *Henry and wife*, supra.

If such vendee establishes no such defense against the vendor, the third person or persons, so brought in as parties, ought to recover their costs.

Instead of establishing an estate, lien, interest, or incumbrance outstanding in Meek and wife, or either of them, the district court found, in effect, that they had no right whatever to interfere with the projection of the " cornice, eaves, and roof," after the completion of the houses in 1872.

Breckenridge, then, had no defense against Lane's action, and James W. and Fanny A. Meek were entitled to judgment for costs.

*C. N. Olds*, for Breckenridge. .
*Lorenzo English*, for Lane.

BOYNTON, J. The action below was brought to foreclose a mortgage given to secure the payment of purchase-money of real estate. The defense interposed was a counterclaim for damages arising out of an alleged breach of the covenants of title contained in the deed of conveyance from the vendor of the premises, Isaac R. Lane, to the vendee, Breckenridge. The latter, not having been disturbed in his possession of the premises, does not claim that his defense can be sustained, unless the case is brought by the answer within the provisions of section 557 of the code of civil procedure. That part of the section which is applicable to the case provides that " in all actions brought for the recovery of purchase-money of real estate by vendor against vendee, it shall be competent for such vendee, notwithstanding his continued possession, to set up by way of counterclaim any breach of the covenants of title acquired by him from the plaintiff, and to make any and all persons claiming any adverse estate or interest therein parties to the cause ; and upon the hearing he shall be entitled to recourse against the plaintiff's demand, [for] the present worth of any existing lien or incumbrance thereon."

We fail to discover anything in the facts stated in the answer or cross-petition of the defendant, Breckenridge,

that brings his case within the provisions of this section of the code.

The covenants in the deed are co-extensive with the land described and its incidents and appurtenances, but they have no wider scope or effect. The answer does not set up any outstanding adverse estate or interest, nor any existing lien or incumbrance upon the land conveyed. No breach of the covenants is alleged. The land which is overhung by the projecting eaves and cornice, is not within the description of the parcel contained in the deed, but lies wholly outside of it.

It therefore follows, that if the right to maintain the projection, and to continue its use, was granted, it must have been granted as an appurtenance, in the nature of an easement, appended to the estate described in the conveyance. In order, however, to be an appurtenance, and to pass as such by the grant, it must have been not only useful to the principal estate granted, but must have belonged to the grantor of the estate conveyed at the time of the conveyance. If the right to extend the roof and eaves over the adjoining premises, was secured by Lane before the conveyance to Breckenridge, such right constituted an easement in the adjoining premises, and passed to Breckenridge as appurtenant to the estate granted; but if such right had not been secured, or did not exist, then no easement was created or acquired, and, of course, none was conveyed. This is the rule recognized by the authorities. "A grant of a thing will include whatever the grantor has power to convey, which is reasonably necessary to the enjoyment of the thing granted." *Morgan* v. *Mason,* 20 Ohio, 401; *Philbrick* v. *Ewing,* 97 Mass. 134; *United States* v. *Appleton,* 1 Sumner, 492; 3 Wash. on Real Prop. 394.

An appurtenance is a "thing belonging to another thing as principal, and which passes as incident to the principal thing." 1 Bouvier L. D. 136. "Appendant is any inheritance belonging to another, that is superior or more worthy." Coke Litt. 121; *Riddle* v. *Littlefield,* 53 N. H. 508; 3 Wash. Real Prop. 394; *United States* v. *Appleton,* supra.

These authorities settle the principle, that that which is claimed to be an easement or servitude must not only be appendant in utility, and fitness for use, to the principal or dominant estate, but there must be a unity of title or right in the same person to both the superior estate and the easement claimed.

The fact that the use of that which is claimed as an appurtenance in the case now under discussion, is highly convenient, or seemingly indispensable to the enjoyment of the premises conveyed, added to the further fact that the same was actually enjoyed by the grantor at the time of the conveyance, does not constitute such projection an appurtenance, if the right to maintain and use it did not belong to him when the conveyance was made. Ownership of such right is indispensable.

Then what follows? Lane, the grantor, either had and owned, as an appurtenance to the land sold, the right to maintain and enjoy the extension of the roof and eaves of the house, and to discharge the water therefrom upon the adjoining premises of Mrs. Meek, and therefore conveyed such right to Breckenridge, in which case there would be, and is, no breach of the covenants in the deed, or he did not possess or own such right, and consequently did not convey, nor covenant to warrant and defend it. In either case, or adopting either alternative, no breach of either of the covenants ensued, and hence the liability asserted does not exist.

But if we look into the evidence, as well as to the allegations of the cross-petition, it quite clearly appears that Mrs. Meek was fully cognizant of, and assented to the projection of the roof and eaves over and upon her premises, at the time the foundation for the building was laid; and in consideration thereof accepted, received, and enjoyed a like permission to extend the eaves and roof of her own dwelling, over the land adjoining north; and it was in pursuance of this assent, and because of it, that said building on inlot 650 was so erected. This being so, the only condition upon which the right to the defense rests, is

destroyed by the facts. The action being for purchase-money, and there being no eviction or its equivalent, an outstanding title, lien, or incumbrance in some third person, is an indispensable prerequisite to the right to maintain such defense. The agreement, acted upon, and executed by the parties, constituted a license irrevocable, so long as the house remained standing upon the premises. When a license of this character is granted, and the licensee by reason of it erects a building on his own land, to the enjoyment of which the right or easement created by the license is indispensable or necessary, the license can not be revoked. *Wilson* v. *Chalfant*, 15 Ohio, 248; *Veghte* v. *The Raritan Water Power Co.*, 19 N. J. 143; *Russell* v. *Hubbard*, 59 Ill. 335; *Sterling* v. *Warden*, 51 N. H. 217; *Wickersham* v. *Orr*, 9 Iowa, 260.

In such case, the license having been executed by the parties, the owner of the estate out of which the easement is carved, or upon which the servitude rests, is estopped from denying its existence, or from interfering with, or molesting, its proper use and enjoyment.

And such estoppel is as effectual to confer the right to the enjoyment of such easement as if the right thereto had been made the subject-matter of express grant; and upon conveyance of the estate to which the use is attached, the easement goes to the grantee as fully, and as effectually, as if the grantor owned the fee of the adjoining estate. *Dark* v. *Johnston*, 55 Penn. St. 170; *Morgan* v. *Mason*, supra; Wash. on Eas. and Serv. 4–6.

This results in holding the judgment of the district court erroneous, and in making a final disposition of the case here; for, while there seems to be little doubt that Mrs. Meek ought, in equity, to be estopped by her acts and conduct from denying the existence of the right to the easement claimed, yet the facts stated in the answer and cross-petition do not bring the case within the foregoing provisions of the code. Damages, resulting from a breach of some one of the covenants in the deed, must be shown to entitle the vendee to maintain such defense. No breach

is alleged, and therefore no ground for relief is stated. It is not the object of the provision of the code above recited, to authorize, nor does it permit an issue to be raised, and a controversy to be carried on, between defendants, respecting a subject-matter, or concerning lands, in which the plaintiff, suing for purchase-money, has no interest.

Motion granted, judgment reversed, cross-petition dismissed, and judgment for the plaintiff below.