McIlvaine, J.
The plaintiff’ in error was brought into the case below at the instance of the defendant, John H. *295 Diehl, under the supposed authority of section 557 of the code, as amended April 18, 1870 (67 Ohio L. 116), which provides : “ In all actions brought for the recovery of purchase-money of real estate, by vendor against vendee, it shall be competent for such vendee, notwithstanding his continued possession, to set up, by way of counter-claim, any breach of the covenants of title acquired by him from the plaintiff, and to make any and all persons claiming any adverse estate or interest therein parties to the same,” etc.
The action below being for the recovery of purchase-money by the vendor against the vendee, the only authority for making the city of Cincinnati a party, on the ground that it claimed an adverse interest in the estate, and for the purpose of determining such claim, depended upon the fact that there had been a breach of the vendee’s covenants of title. If the city had set up an adverse claim, which, if established, would constitute a breach of the covenant, it may be that it could not resist an inquiry into and a determination of its rights, under the provisions of the statute above quoted. But whore the adverse claim, if established, would not constitute a breach of the covenant, it is quite clear that it can not be determined in invito in an action by the vendor against the vendee for the recovery of purchase-money. Meek v. Breckinridge, 29 Ohio St. 642.
As between the parties to the partition proceeding, which resulted in the laying out of Catharine street (the supposed incumbrance upon the premises described in the petition below), and their privies, the existence of the street .is not open to dispute; and it is equally clear that the premises conveyed by the plaintiff below to the defendant below was subject to all rights which might exist in Catharine street as a public highway. By no fair construction of the terms of these conveyances, taken in connection with the plat to which they refer, aud the proceedings in the partition, to which inquiry is directed, can it be claimed that the vendor, by the terms that he used, and the vendee, by accepting the deed, did not intend to acknowledge and admit that Catharine street was a public street in the city of Cincin *296 nati, and that the premises described' in the deed were transferred subject to that’ easement. This being so, there was neither a failure of nor an incumbrance upon the title intended to be conveyed by the plaintiff below to the defendant, John H. Diehl.
There was, therefore, no error in the j udgment below in favor of the plaintiff on the mortgage.
Rut whether or not the city has committed a wrong against the property of the defendant, Diehl, it ought not to have been compelled to answer for it, or litigate its rights, in that action. The judgment against the city will therefore be reversed, and the action, as against tbe city, dismissed.

Judgment against Diehl affirmed.