Minshau,, J.
The suit below was a proceeding in the probate court of the county to compel the appropriation of a strip of land occupied by the cpmpany as a right of way. A number of errors have been. assigned, but the only one we think necessary to notice is, that which arises upon the charge of the court as to the measure of compensation to be awarded the owner. The land was first entered upon and taken by ThePainesville and Youngstown Railroad Company, the predecessor of the defendant company, in 1873, without any agreement with the owner or lawful authority whatever; and has been so occupied and used. by it and its successors, to the present time. The court charged the jury that the owner was entitled to recover the value of .the land at the time of the commencement of the proceeding; the company claimed that it should be-the value at the time the land was taken, with interest to the present time, and asked the court to so charge the jury, which was refused. Exceptions to the charge of the court, and its refusal to charge, were properly reserved at the time. The verdict was for §6,300, on which the court rendered jugdment, after overruling a motion for a new trial. The judgment was, on error; affirmed by the common pleas, and, also, by the circuit court.
It is claimed that, where a railroad company wrongfully enters upon and appropriates land to its use as a roadway, the only remedy of the owner, who stands by and permits it to be done, without resorting to legal proceedings to prevent it, is to have his compensation and damages assessed to him and paid by compulsory proceedings in appropriation against the company under sections 6448 and 6449, Revised Statutes; and, therefore, that the amount of his compensation and damages is to be ascertained with reference to the time of the wrongful entry; that being, as claimed, the time when the injury was completed, and the time which, accord *330 ing to the general rule, is to be regarded in estimating damages for an injury.
It would seem that the mere statement of this claim should furnish its own refutation. One of two things would seem to be true: either the statutory remedy against the company is a substitute for the right to recover the possession, or it is cumulative, and in either case the measure of compensation should be the same. The more rational construction is, that it was intended to be cumulative, as affording the owner a speedier and more efficient remedy than an action in ejectment; and, at the same time, productive of less inconvenience to the public,, interested in the road as a means of travel and transportation. It could hardly have been intended to authorize railroad companies to enter upon lands and appropriate them, without first making compensation to the owner, as required by the constitution of the state. It may well be doubted whether, in view of section 5, article 13, of the constitution, it is in the power of the legislature to deprive the owner of the right to recover the possession of lands of which he has been deprived by the wrongful entry of a railroad company. In. such case the company is a disseizor and no lapse of time short of twenty-one years, can avail as a defense against the right of the owner to recover the possession of his lands, on the ground that he has acquiesced in the appropriation. The term is here used in an ambiguous sense. A man does not acquiesce in law, by merely neglecting to assert his rights. No acquiescence in this sense, affects his right of action short of the period prescribed for its commencement. “Improvements made by a disseizor or trespasser, upon the land of another, can never give him a title at law, nor in equity; unless, perhaps, in a case of gross fraud on the part of the real owner and under very peculiar circumstances;” 21 Myers’ Federal Dec. section 2054. Unless by its own perversity, no injustice or inconvenience can result from the' application of this principle to a railroad company, wrongfully in the possession of land as a right-of-way. In such case it may at once commence proceedings to appropriate the land, and thus prevent any interruption of its use. The question has never *331 been directly decided by this court. In Hornback v. Railroad Company, 20 Ohio St., 81, an action was brought against the company'to recover the possession of land used by it as a railway. The recovery was denied; not, however, on the ground that such an action would not lie in a proper case, nor was such point made, though the company was. represented by able counsel, but upon the ground that the company had entered under an agreement with the owner,, by which, among other things, it was to fence the track, and that a breach of this stipulation did not divest its right to the-easement. The earliest statute giving the right to the owner to compel appropriation, passed April 6, 1865, (62 Laws 85), was then in force. In Railroad Company v. Robbins, 35 Ohio St., 531, it was held that an action could not be maintained by the owner for the value of his land wrongfully taken and appropriated by a company, on the ground that there is no action for a conversion of land; that the remedy, in such case, is either to compel an appropriation by a proceeding under the statute, or to recover the land itself, as in. other cases of unlawful entry. Goodin v. Canal Company, 18 Ohio St., 169, where it is said that the owner of land,, who stands by and sees, without objection, a public railroad-constructed over it, and large expenditures made upon the-faith of his apparent acquiescence, cannot recover the land,, or enjoin its use by the company, is much relied on. What: is there said, must he confined to the facts of that case. The-railroad company was in possession, under a claim of right, based upon proceedings in condemnation had against the. canal company. The plaintiffs, who were stockholders: and creditors of the canal company, claimed that there was fraud in the proceeding; that the directors of the canal company had been chosen by the railroad company, or by persons acting in its interest, and had used the power thus; acquired to obtain a settlement of the proceedings in condemnation for a sum much less than the real value of the property. This the court found was a fraud; but held the parties estopped from claiming a recovery of the land or an injunction against its use by the railroad company, by having stood by, with a full knowledge of the facts until the: *332 road bad been, completed. It was adjudged, however, that the canal company should recover the full value of the property taken, less the sum that had been paid. Here it will be observed that the railroad company had a legal title to the property, acquired by the proceedings in condemnation; and while in equity this title was bad for fraud, the court held, that the land could not be recovered under the circumstances of the case; and, as it was not a case in which the land could be recovered, it was not a case in which appropriation could be compelled by proceedings under the statute. For the remedy under the statute applies only where there has been no appropriation, and the company is in possession without any agreement in writing with the owner; in other words, is in possession as a wrongdoer, or as a disseizor. And in such case we fail to perceive why the remedy of the owner should be any more restricted than if the entry had been made by a natural person; and in view of the provision of the constitution, regulating the right of appropriation by corporations, that “full compensation shall be first made in money,” it would seem that, if anything,’ it should be less. Certain it is that a company by its own wrong cannot be placed in a better position; and when required, must either yield the possession or pay the value of the land at that time. While under the occupying claimant’s act of 1831, it was held that payment for the permanent improvements of the bona fide occupant under color of title, might be required as a condition to a recovery of the land, yet the amendatory act of 1849, which gave to the claimant the option of retaining the land by paying for it, less the improvements, or of surrendering it on being paid for the improvements, was held to be a palpable invasion of the right of private property, and, therefore, invalid. McCoy v. Grandy, 3 Ohio St. 463. If the right to retain the land on paying for it, cannot be given to one who, under color of title, enters and possesses in good faith, much less can it be given to one who wrongfully enters and possesses without any title.
It is a mistake to say that by the wrongful entry of the company the right of the owner to his land is turned into a *333 mere chose in action for the value of it; and that his only remedy is a proceeding under the statute to compel its appor-priation. If that, were so the legislature has selected verjr inapt language to express it. It will be observed that the statute only applies where “ a corporation,, authorized bylaw to make appropriation of private property * * has taken possession of, and is occupying or using the land of any person,” which has not been appropriated and paid for, oí is not held by an agreement in writing “with the owner,” and the remedy given is to the “owner,” to compel its appropriation as therein provided. The language imports a legislative understanding that the land remains the property of the owner until it has been condemned and paid for as therein provided. This coulcl not be if the wrongful entry of the company worked an appropriation in law, and converted the claim of the owner for land into one for money only. Again, to carry out the reasoning on which this view proceeds, the action, being simply a personal one for money, would have to be commenced in at least six years’ from the entry of the company; whereas it was held by this court in Railway Company v. O'Harra, 48 Ohio St., 343, that the right is not barred in less than twenty-one years.
Again it is said by way of argument that the proceeding must be brought by the owner of the land at the time it is taken by the company, and that it does not pass as a right to his grantee. This is based upon the mistaken assumption, that the wrongful entry of - the company constitutes an appropriation of the land, and converts the claim of the owner into one for its value rqerely. This is not so; and, as any grantee can maintain an action to recover lands wrongfully held against his grantor, where the lands are included in his grant, the proceeding may be maintained by whoever is the owner of the property at the time of its commencement.
The case of Hatry v. Railroad Company, 1 C. C. Rep. 427, 446, is also relied on. The judgment was affirmed by this court upon the opinion of the learned judge who delivered it. The question, however, of the measure of compensation to an owner whose lands have been wrongfully taken by a *334 company was not involved in the case. The point decided was, that one whose lands had been so taken, could not present a claim for payment from the funds arising from a sale-of the road under a mortgage. This could only have been upon the principle, that the claim, in such case, is in the nature of a claim to recover land as distinguished from a demand for money.
Our conclusion then is, that in a proceeding under the statute by an owner of lands, occupied by a corporation without any right legal or equitable, to compel it to appropriate and pay for the same, the measure of the owner’s, compensation is the value of the lands at the time the same is assessed in the proceeding; and that the court did not err in so instructing the jury, and in refusing to charge, that it is the value of the land at the time of the entry of the company, with interest added.

Judgment affirmed.