Minshall, J.
Did the court err in its conclusion of law that the way over the defendant’s land passed as an incident to the lands of the plaintiff b3r the deed of her father? We think it did not.
It is true that at the same time the father conveyed to the plaintiff, he, through his daughter Nancy, conveyed to the defendant the land now owned by him; and if we were to consider this conveyance alone, the way in question would appear as a reservation by the father of a way over the granted lands in opposition to the covenants *474 of his deed. Whether such a reservation could be. made bjr implication in derogation of the grant and the covenants of the deed need not be considered in this case. Both the plaintiff and the defendants must, from the facts found, be regarded as grantees of the father by deeds taking effect at one and the same time. And, therefore, neither has as against the other any superior right by reason of priority of purchase; and both were volunteers. Oliver Baker was the owner of both tracts and of two 'hundred and ten acres where he resided at the time of the conveyances. All the lands lay in a body, and had been acquired by him at different times during his life. He purchased the lands deeded the plaintiff in 1867; and, in- that .year, constructed the way in question from the lands then purchased over the one hundred and nineteen acre tract, to his residence on the two hundred and ten acre tract and shortly afterwards to the public highway. And the court finds, that from that time to 1888, when the division was made, Oliver Baker used the way in passing to and from the lands purchased in 1867, for all the purposes ways are generally used, and that the “way is plainly obvious and apparent, and is reasonably necessary for the use and enjoyment of plaintiff’s land and adds materially to the value thereof.” In 1888, desiring to divide his heritage between his three children,'he conveyed the one hundred and twenty acre tract acquired in 1867, to the plaintiff, the one hundred and nineteen acre tract to his son, the defendant, subject to the payment of $3,000 to his daughter, Nancy, and also the home tract of two hundred and ten acres, reserving a life estate therein to himself. The way in question was then in use over and upon the one hundred *475 and nineteen acre tract given the defendant, and materially added to the value of the land given the plaintiff.
We think the law well settled in this state, whatever the decisions may be in some of the others, and they are far from being in harmony, that where an estate is divided as was this one, each takes his part subject to or benefitted by such burthens as were openly and plainly attached to or imposed on it by the common owner in his use and enjoyment of the land at the time of the severance, and which on a severance would properly be termed easements or servitudes. Ignoring for the time the distinction between “continuing” and “discontinuing” easements, observed in some of the cases, the case of Elliott v. Sallee is directly in point. Edward Thompson was the owner of three mills on White Oak creek in Brown county. The lower mill was in part supplied with water by a tunnel constructed across the neck of a bend in the creek, so as to take the water from the creek above the dam of the middle mill, and was thereby, to that extent, servient to the lower mill. By deeds executed at the same time he divided these mills between his three sons, so as to give one of them to each. The plaintiff by purchase became the owner of the middle mill, and brought suit against the defendant, who had purchased the lower mill to recover for the diversion of the water from his mill by the tunnel. The court said: “On this state of facts it seems clear to us on every principle of reason and common sense that he (Edward Thompson) must have intended to grant to his sons respectively, and they must have expected to receive, each his mill with its appurtenances as it actually existed in *476 fact and in use at the time of the conveyances — no more and no less; and this obvious intention on the part of the grantor, and reasonable expectation on the part of the grantees, furnish the exact measure of the rights of the grantees inter se, and of all parties holding under them respectively.” The court referred to and approved Morgan v. Mason, 20 Ohio R., 401. See, also, the case of Meek v. Breckenridge, 29 Ohio St., 642, where it is said, “A grant of a thing will include whatever the grantor has power to convey which is reasonably necessary to the thing’ granted;” or, as said by Justice Story in Hazard v. Robinson, 3 Mason, 279, ‘ ‘Whatever is actually enjoyed with the thing granted as a beneficial privilege at the time of the grant passes as parcel of it.” See also, the later ease of Shields v. Titus, 46 Ohio St., 528; and Bank v. Cunningham, Id. 575. In the latter case it is said, in the syllabus, “When the owner of an estate makes one part of it visibly dependent for the means of access upon another and creates a way for its benefit over another, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted .and passes to the grantee as accessorial to the beneficial use and enjoyment of the granted premises.” This case is supported in the latitude of its expression by many cases in other states. Mutual Life Ins. Co. v. Patterson, 103 Ind., 582; Morrison v. King, 62 Ills., 30; Cihak v. Klekr, 117 Ills., 643; Kieffer v. Imhoff, 26 Penna. St., 438; Phillips v. Phillips, 48 Id., 178; Railway Co. v. Jones, 50 Id., 417; McCarty v. Kitchenman, 47 Id., 239; Cannon v. Boyd, 73 Id., 179; U. S. v. Appleton, 1 Sum., 492; *477 Paine v. Chandler, 134 N. Y., 385; Collins v. Prentice, 15 Conn., 39-43.
But it is claimed that only such easements as are termed “continuous” will pass by implication in a grant, and that such as are termed “discontinuous” will not. This is a distinction of the civil law, and has been incorporated in the law of some of the states, particlarly Maine and Massachusetts. The former are such as operate without the intervention of man, such as drains and sewers; the latter require the intervention of man in their use, such as ways. The distinction is. somewhat arbitrary and is not uniformly adopted, as will appear from the eases cited. The better rule, and the one now more generally adopted, is, not to consider the particular kind of easement, but whether it is apparent, designed to be permanent, and is reasonably necessary to the use of the premises granted. See the eases of Kieffer v. Imhoff, Phillips v. Phillips, Cannon v. Boyd, U. S. v. Appleton, Paine v. Chandler, Mutual Life Ins. Co. v. Patterson, supra. In Phillips v. Phillips, it is said “It may be granted that the continuance of drains, water pipes and mill-races may more distinctly indicate their permanent and essential nature than a private way.' but when the permanency of the way is proved, confessed, or not disputed, the difference vanishes; they stand upon the same footing.” In Paine v. Chandler, the court, after laying down the general rule, said; “The learned counsel for the appellant does not attack the principle, but his contention is, that the easement involved in this controversy is of the class known as ‘discontinuous’ and such an easement passes by implication only when absolutely necessary to the enjoyment of the property conveyed. To use his *478 own language, ‘the rule contended for has been confined to cases where the easement was something without the use of which the premises would be practically worthless.’ The rule is not confined in its applications to continuous easements, but applies to those artificial arrangements which openly exist and affect materially the value of the respective parts at the time of the sale.”
The case of Prarieis’s Appeal, 96 Penn. St., 200, to which our attention has been called, has been carefully examined, but we do not think that it in any way affects or modifies the previous decisions of that court. Prom the finding- made by the master as to the nature and character of the uses there claimed as easements, on a severance of the properties, he could not well have held otherwise than, he did.
Much importance is attached to the conclusion of law drawn by the court from the finding of facts, that the way in question is not a way of necessity. There is some room for doubt as to whether this conclusion from the facts found, was well drawn. But • conceding that it is, still the authorities cited show, that in the case of a grant, this is not material where the way in question is reasonably necessary to the enjoyment of the land granted, and materially adds to its value. Phillips v. Phillips, 48 Penn. St., 178,

Judgment affirmed.