(Superior Court of Cincinnati.)
Special Term, August, 1898.

MARTIN BYRNES and LOUIS DRACH,
formerly doing business as Byrnes &
Drach, v. THE CITY OF
CINCINNATI.

(1). When the amount of a judgment is paid into the hands of the clerk of this court, its future disposition is subject to the control of the court; the reasonable fees of counsel whose efforts realized the judgment will be protected and ordered paid from the fund.

(2). Joint plaintiffs, in whose favor a judgment has been rendered, will not be permitted to litigate, as a continuation of the case after judgment, a controversy between themselves as to the ownership of the judgment or the proceeds thereof.

(3). Nor will assignees of such plaintiffs, whether of them jointly or severally, be permitted to make such litigation; and, hence, leave to such assignees to be made partie to the case for the purpose of such litigation, will be denied.

Heard on motions for counsel fees, for distribution of proceeds of judgment and to make new parties.

DEMPSEY, J.

The plaintiffs above named brought their petition in the above entitled cause against the city of Cincinnati for $1,085 due to them for the construction of Wilson avenue from Rockdale to Central avenue, in what was formerly the village of Avondale, said improvement having been made under contract with said village prior to its annexation to said city, and for which said city became liable by reason of said annexation. A judgment was recovered in this action by plaintiffs for the sum of $825.

During the progress of said work, the engineer of said village, on January 2d, 1895, gave to said firm a certificate that they had furnished material and performed labor under their said contract to the extent of $3,000. This certificate was attested by the village clerk, and then assigned to the Franklin Bank of Cincinnati, "for any sum due thereon as money advanced."

On October 25th, 1895, and before this suit was instituted, the firm of Byrnes & Drach was dissolved, the articles of dissolution providing among other things, first, that "all indebtedness incurred by the firm prior to October 1st, 1895, shall be assumed and paid by Byrnes out of the assets of accounts now due or to become due and payable to the firm, for which purpose Byrnes only is from said date to sign the firm name in liquidation;" and secondly, "Byrnes agrees to account for and turn over to Drach, or his assigns, the share due to Drach arising from collections after the payment of the liabilities incurred prior to October 1st, 1895." Subsequent to the judgment in this case Byrnes made a general

assignment to one Henry Burkhold for the benefit of his creditors.

On the 5th of August, 1898, by consent of all parties, the city paid the amount of the judgment to the clerk of this court.

A motion is now filed by Martin Byrnes, individually, praying the court that Burch & Johnson, who were the counsel who conducted this case to judgment, be paid their reasonable counsel fees, and that the balance be paid to the Franklin Bank. Applications are also made to make said Franklin Bank and Henry Burkhold, as assignee, parties defendant to the case.

As to Burch & Johnson's claim for fees, there is no contest as to its reasonableness, although Drach objects to its payment out of this fund.

In Ohio, while there is no specific lien upon a judgment to secure counsel fees, yet the courts will, under certain circumstances, protect counsel (Diehl v. Friester, 37 Ohio St., 473); and in Longworth v. Handy, 2 D., 75, this court held that where the amount of a judgment was paid by the debtor to the clerk, the court would give the counsel a lien on the money for his fees.

In Tuttle v. Claflin, 86 Fed. Rep., 964, the court held that where a fund in the hands of the clerk was the result of the efforts and skill of counsel, and was about to be withdrawn for distribution in another jurisdiction, the court would not compel counsel to follow the fund, but would order him paid out of it before its withdrawal.

These cases show that where it is within the power of the court to apply the fund in immediate protection of counsel, the court will do so. And so, in view of the opinion I have formed on the other portion of the motion as hereinafter detailed, I do not think it just that counsel herein should be compelled to follow this fund into other litigation, or even to await the result of that litigation, and an order may be taken on the clerk for the payment to Burch & Johnson of $125 counsel fees. As to the remainder of the motion to pay to the Franklin Bank, and to make said bank and Byrnes' assignee parties defendant herein, I do not think the court has power to grant the same.

Byrnes files an affidavit herein, in which he sets forth the facts hereinbefore detailed concerning the Wilson avenue contract, the assignment to the bank of the $3,000 certificate, the recovery of the judgment for $825 herein, and the terms of the articles of dissolution. He further sets forth that there was due the bank, when the certificate was assigned, more than $3,000, and that there is still due the bank more than $3,000, and consequently more than the $825. There are also filed copies of notes, showing to be now due to the bank from Byrnes & Drach the sum of $8,000, and also a copy of the dissolution agreement.

Drach opposes the motion to distribute to the bank, and files his affidavit, wherein, after admitting the former partnership,

between himself and Byrnes, and the dissolution agreement, he denies each and every allegation and statement in said affidavit of Martin Byrnes contained.

So that now the controversy, formerly one between the partners jointly and the city over a contract liability, will develop, if Byrnes' motions be granted, into a contest between the partners over the division of this judgment. That I do not think the court has power to permit in this action.

Every action must be restricted to its own subject-matter and to the issues arising out of or concerning that subject-matter. The result or determination of an action is not the subject-matter of the action, nor is it an issue in that action. When the result or determination is reached the action is at an end, it has performed its mission; and while that result in its turn may be the subject-matter of another action, it can not be the basis of continuing the original action for the purpose of adjudicating new issues in no way connected with the original subject of controversy. Such a course would be no more than in reality predicating a new action on the result of the original action, although in form it might be only a continuation of the original action.

Apparently the controversy here is over the $825; in reality the contest is over the judgment for the $825; for the $825 is only the material form of the judgment. The original subject-matter of suit was the construction contract, and the issue was the liability of the city of Byrnes & Drach jointly on that contract. The controversy now is as to the ownership of the judgment, or the proceeds of the judgment, against the city, a totally different subject-matter from the one at the inception of the case.

The question is a new one to me, and while I have made careful search, I have not been able to find a precedent for it. The nearest approach to it are the cases which deny the right of cross-petitioners to inject into a case for adjudication issues between themselves in which the plaintiff has no interest. Meek v. Breckenridge, 29 Ohio St., 642; Bartlett v. Patterson, 10 W. L. B., 367.

On principle it seems to me that the rule is applicable to joint plaintiffs seeking to settle issues between themselves in which the defendants have no interest. It follows as a matter of course that if Byrnes and Drach can not litigate in this action the ownership of the $825, why the assignees of either Byrnes & Drach or of Byrnes alone can not litigate that ownership either, for their rights are no greater than the rights of their respective assignors; hence, it would be useless to make them parties defendant hereto.

The motions to distribute to the bank and to make the bank and Burkhold, assignee, parties defendant hereto will be overruled, and all parties will be remitted to their new action for the possession of the fund.

The motion to pay Burch & Johnson counsel fees in the sum of $125 is allowed.

Burch & Johnson, for the motions.

Charles Phares and Fred. Hertenstein, contra.

---

(Superior Court of Cincinnati.)
Special Term.