### CINCINNATI v. COVINGTON & CINCINNATI BRIDGE CO.

**1. EASEMENT OR LICENSE—FAILURE TO WORK—ABANDONMENT.**

Where rights in certain streets, for wharves and boat landings, were granted by a municipal corporation, grantees " to use, occupy and enjoy the same and collect and receive the revenues therefrom," such rights are not extinguished by the mere abandonment of a ferry which was in operation when the rights were granted but which grantees were not required by the grant to maintain.

**2. EQUITY—REFUSAL TO REVOKE EASEMENT OR LICENSE.**

When the contract whereby the grant is conveyed contains the elements of a valuable consideration, as where grantees surrendered the right to operate a ferry between certain points, in consideration of wharf and boat landing privileges, equity cannot be invoked to amend the contract or revoke the grant without an offer to restore the rights parted with when the contract was executed. Whether the grant amounted to an easement or a mere license it is irrevocable when executed.

**3. ADVERSE POSSESSION—PARTIAL ENCROACHMENT.**

Where possession is as exclusive and adverse as the nature of the right will permit, it is sufficient. Such cases are not governed by the Ohio decisions, to the effect that a partial encroachment upon the side of a highway by the erection of a fence is not adverse to the public.

**4. ACQUIESCING IN, PRACTICAL CONSTRUCTION.**

A municipal corporation having acquiesced for a long period of time in the practical construction and effect of a grant as it was understood by the parties at the time, should not be heard to the contrary.

**5.** INJUNCTION—ADEQUATE REMEDY AT LAW.

A municipal corporation, as owner of streets obstructed by wharves and landings, has an adequate remedy at law in an action to recover possession and for damages, and is not, therefore, entitled to resort to the extraordinary remedy of injunction in the first instance.

APPEAL from the Court of Common Pleas of Hamilton county.

GIFFEN, J.

The plaintiff alleges that it " has an estate in and is entitled to the possession of parts of Vine and Walnut streets * * * extending from the south line of Water street * * * to low water mark on the the north side of the Ohio river," and that defendants " wrongfully and unlawfully obstruct said portion of said streets by occupying the same with wharves or landings and deriving a revenue therefrom to the great and irreparable damage and injury of this plaintiff, for which it has no adequate remedy at law," the prayer of the petition being for an injunction.

These allegations and the evidence show a plain and adequate remedy at law in an action to recover possession of real estate and for damages, and hence the plaintiff was not entitled to resort to the extraordinary remedy by injunction.

Assuming, however, that the action is rightly brought, it is contended that the rights in the streets acquired by the defendants from the city have been extinguished by the failure to exercise the same for more than twenty-one years.

They did cease to operate a ferry between Cincinnati and Covington, but continued to exercise other rights granted, to-wit: " To use, occupy, and enjoy the termination of Walnut and Vine streets * * * and to collect and receive the revenues therefrom, as the city of Cincinnati is authorized by law, to use, occupy and enjoy the same and to collect and receive the income therefrom." The defendants did not surrender possession, and what rights they abandoned they were not required to exercise. The phrase " so long as the said ferry between the city of Cincinnati and the city of Covington shall be kept in operation," refers only to the obligation of the defendants to keep the streets in repair, but can not apply as a condition to any other use of the streets granted.

It is further contended that the resolution of the city council, under which possession is held by defendants, gives a mere license, and not an easement.

It has the elements of a contract founded upon a valuable consideration. The grantors of defendants agreed to forego the right owned by them to ferry to and from the public common between Broadway and Main streets, and in lieu thereof the city granted the rights hereinbefore referred to. It was also provided " that either party to this contract may put an end to the same after giving the other party five years' notice in writing of his or her intention so to do." The city gave no such notice before beginning this suit, nor does it offer to restore to defendants the ferry rights between Broadway and Main streets. It is not, therefore, in position to invoke the equity powers of the court if the rights conferred by the city amount only to a license, still when executed it becomes irrevocable. Wilson v. Chalfant, 15 Ohio, 248; Hornbuck v. R. R. Co., 20 Ohio St., 81; Meek v. Breckenridge, 29 Ohio St., 642.

It it is claimed, however, that there is no evidence of an assignment of the license to these defendants; but their possession since 1868 was adverse to the city.

" Where one uses a way over the land of another without permission, as a way incident to his own land, and continues to do so with the knowledge of the owner, such use is of itself adverse, and evidence of a claim of right." Pavey v. Vance, 56 Ohio St., 162.

The possession of the defendants was as exclusive and adverse as the nature of the right would admit, and is not governed by that class of Ohio cases in which it is held that a partial encroachment upon the side of a highway by the erection of a fence is not adverse to the public. The defendants do not claim by prescription, nor do we rest our decision thereon; for such rights as were vested by the resolution of the city council were assigned to Christopher G. Pearce and by him to the Covington & Cincinnati Bridge Company, and the construction and effect of that resolution as understood by the parties at the time have been acquiesced in by the city for so long a time that it ought not now be heard to the contrary.

Plaintiff's petition will be dismissed.

Corporation Counsel, for appellant.

*Robert Ramsey*, for appellee.