MEMORANDUM DECISION AND JUDGMENT ENTRY.
In two interrelated assignments of error, plaintiff-appellant Joan I. McKibben contends that the Hamilton County Court of Common Pleas erred in entering summary judgment in favor of her two sisters, defendants-appellees Kay Samuels and Dianne Stewart, on the parties' cross-motions seeking registration of the title to their deceased mother's house. Appellant filed suit seeking registration in her name pursuant to her mother's 1992 will. Appellant's two sisters counterclaimed, seeking an order that title should be registered in all three of their names as beneficiaries of their mother's 1991 trust. Because the mother previously conveyed title in the residence to her trust, it was not part of her estate, and therefore, she could not devise it by will.
The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. A motion for summary judgment shall be granted only if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. Civ.R. 56(C); Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
The evidence before the trial court revealed that on October 28, 1991, Phyllis McKibben, the litigants' mother, executed aninter vivos trust that established separate, equal trust funds providing undivided one-third interests to her daughters upon her death. Under Article II of the trust, Phyllis McKibben retained the power to amend, modify or revoke the trust only "by notice in writing delivered to Trustee." Phyllis McKibben never notified the trustee, defendant-appellee Star Bank, in writing of any modification of the trust.
On April 10, 1992, Phyllis McKibben executed a will that would have devised her residence on Arborcrest Drive, in Hamilton County, to appellant. Sixteen months later, on August 18, 1994, however, she signed a general warranty deed transferring the property to Star Bank as trustee under the trust agreement. A certificate of title to the Arborcrest residence was registered in the name of Star Bank as trustee.
Phyllis McKibben died in April 1995, and this litigation ensued.
There is no genuine issue of material fact remaining to preclude summary judgment. Although Phyllis McKibben's will made a specific bequest of the Arborcrest residence to Joan McKibben, she did not hold title to the property in her individual name at the time of her death. The residence was ultimately excluded from the probate inventory of Phyllis McKibben's estate. While a testator remains free at all times to enter into a valid and binding contract affecting the land that she owns, her will is not effective to devise or bequeath more than she owns at the time of her death. See Maddox v. Reser (1959), 110 Ohio App. 213, 218,168 N.E.2d 923, 927.
Similarly, there is no genuine issue of material fact concerning whether the execution of the deed to the trustee could have been based upon a mutual mistake of fact or could have been subject to a modification of the trust by her will. Indeed, a June 6, 1994, letter to Phyllis McKibben from her attorney correctly explained that the "proposed deed * * * would transfer your residence to your revocable trust." The trust agreement and the will were prepared by the same attorney; the deed was prepared by another attorney from the same law firm. Moreover, as there is no genuine issue remaining as to whether Phyllis McKibben ever notified the trustee, in writing, of any modification of the trust, or delivered that notice to the trustee, her will could not have modified the express terms of the trust agreement. See Magoon v.Cleveland Trust Co. (1956), 101 Ohio App. 194, 198,134 N.E.2d 879, 882.
The two assignments of error are overruled. Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Sundermann, P.J., Doan and Gorman, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 19, 1999 per order of the Court _______________________________.
Presiding Judge